IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-21515-WILLIAMS

JACOB LUIHN and
JOHANNA LUIHN,

      Plaintiffs,
vs.

MX, INC., a Florida for profit Corporation,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a Foreign for profit
Corporation, and FRANK NICHOLS, an individual,

      Defendants.
_____/

## MOTION TO QUASH

      Come Now Nonparties, Dr. Jose Nadine Garcon, M.D. and Isis Rotella, by and through the undersigned counsel and files their Motion for this Honorable Court to issue an order QUASHING the Subpoena for the Southern District of Florida for their respective depositions and enter a Protective Order prohibiting these nonparties from appearing at their deposition currently scheduled to proceed on April 8, 2015. This Court should vacate and quash the deposition subpoena and issue an order protecting Dr. Garcon and Isis Rotella from any deposition or trial subpoena that does not comply with the requirements of 20 C.F.R. part 403, on the ground that such testimony is prohibited by the regulations of the Social Security Administration. The following grounds are submitted in support of this motion:

### I. BACKGROUND

      1.    Dr. Garcon is a psychologist who practices in South Florida. Isis Rotella is Dr. Garcon's employee.

      2.    Dr. Garcon maintains a private medical office. However, she is an employee of the Social Security Administration (SSA), as she was contracted to perform psychological evaluations of applicants who have filed for disability status with SSA, such that she did of the Plaintiff, Jacob Luihn, in this case.

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

3. Dr. Garcon, with the assistance of Isis Rotella, performed a psychological evaluation of the Plaintiff in this matter at the request of SSA.

4. The purposes of the records regarding this examination and evaluation, as well as any related testimony are the property of the SSA and are not to be disclosed by Dr. Garcon or Ms. Rotella as employees of SSA, without authorization by the responsible SSA official.

5. Dr. Garcon was previously Court Ordered to produce copies of her records, including the raw test data relative to her examination and evaluation of the plaintiff. [D.E. 102]

6. Dr. Garcon did not receive notice of the Motion to Compel the Raw Testing Data, did not receive notice of the Hearing on the Motion to Compel the Raw Testing Data nor receive notice from the Court regarding the Order compelling its production. [D.E. 100, 102].

7. Thereafter, Dr. Garcon was subpoenaed for a deposition. (*See* Subpoena attached as Exhibit "A.").

8. At the start of Dr. Garcon's deposition, counsel objected to Dr. Garcon testifying, in part, on the basis that she "may be affiliated with the office of Disability Determination who may be the proper custodian for the record and that it would be inappropriate for this witness to testify, being that she was a consultant of the examiner retained by the Office of Disability Determination." (*See* portion of transcript attached hereto as Exhibit "B.").

9. Dr. Garcon felt very uncomfortable at her initial deposition. She and Isis Rotella have now been subpoenaed to appear for deposition on April 8, 2015. (*See* Subpoena attached hereto as Exhibit "C.").

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

10. The parties have not abided by mandatory SSA regulations in requesting records or testimony from Dr. Garcon.

11. As such, Dr. Garcon has not received authorization from the Commissioner or his designee as required by **20 C.F.R. §403. 100**, to appear and testify.

12. Federal regulations pertinent to SSA employees prohibit such employees from providing testimony, or making any disclosures or comments about official matters, absent the express authorization of the responsible SSA official. *See* Title 42 U.S.C. 902(A) (5) and, **20 C.F.R. §403. 100**.

13. The regulations at issue have the full force of federal law. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

14. The Florida Supreme Court has acknowledged that federal employees may not be compelled to obey subpoenas and other demands contrary to their federal employer's instructions, based on these valid U.S. government agency regulations. *State of Florida v. Tascarella,* 580 So.2d 154, 156, n.2, and 157 (1991).

15. Duly promulgated regulations of SSA prohibit any SSA employee from testifying "concern[ing] any function of SSA or any information or record created or acquired by SSA as a result of the discharge of its official duties in any legal proceeding covered by [20 C.F.R. part 403, unless the employee has] the prior authorization of the Commissioner." 20 C.F.R. § 403.100.

16. The SSA regulations regarding employee testimony also set forth the mandatory application requirements for seeking the testimony. *See* 20 C.F.R. § 403.120. It does not appear these

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

mandatory application requirements were followed in this case. Because the parties failed to comply with the clear requirements of federal law, in this case the SSA regulations, the state subpoena cannot be effective. U.S. CONST. Art. VI, cl. 2.

## II. *MEMORANDUM OF LAW*

17. Courts have repeatedly upheld regulations centralizing authority to release information, declaring that the regulations carry the force of law because they are within the contemplation of the grant of authority for orderly management contained in the housekeeping statute at 5 U.S.C. § 301. *See, e.g.*, *Boske v. Comingore*, 177 U.S. 459, 469-70 (1900) (Treasury Department rules on release of tax revenue data); *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998) (DOJ regulations requiring prior approval for testimony of Justice Department employees); *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197-98 (11th Cir. 1991) (Department of Health and Human Services rules regarding deposition testimony of employees); *Marcoux v. Mid-States Livestock*, 66 F.R.D. 573, 579 (W.D. Mo. 1975) (Treasury Department rule on release of bank investigation records). As the Eleventh Circuit noted in *Moore*, a party's interest in a physician's deposition cannot compare with the governmental interest in maximizing the use of its limited resources, especially in light of the cumulative impact of such testimony. *Moore* at 1197-98.

18. The SSA regulations set forth at 20 C.F.R. part 403 do not categorically deny testimony by an SSA employee, but they do set forth specific limitations. Most notably in this matter, "[a]n SSA employee can testify concerning any function of SSA or any information or record created or acquired by SSA as a result of the discharge of its official duties in any legal proceeding covered

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

by this part *only with the prior authorization of the Commissioner.*" 20 C.F.R. § 403.100 (emphasis added). Further, "this part applies to any request in connection with any legal proceeding for SSA records or other information or for testimony from SSA or its employees. This part applies to requests for testimony related to SSA's functions or to any information or record created or acquired by SSA as a result of the discharge of its official duties." 20 C.F.R. § 403.115(a).

19. Applications for testimony must meet certain specific requirements set forth in the regulations:

- (a) You must submit a written application for testimony of an SSA employee. Your application must--
    - (1) Describe in detail the nature and relevance of the testimony sought in the legal proceeding;
    - (2) Include a detailed explanation as to why you need the testimony, why you cannot obtain the information you need from an alternative source, and why providing it to you would be in SSA's interest; and,
    - (3) Provide the date and time that you need the testimony and the place where SSA would present it.
- (b) You must submit a complete application to SSA at least 30 days in advance of the date that you need the testimony. If your application is submitted fewer than 30 days before that date, you must provide, in addition to the requirements set out above, a detailed explanation as to why--
    - (1) You did not apply in a timely fashion; and
    - (2) It is in SSA's interest to review the untimely application.
- (c) [Sets forth the appropriate mailing address for the application].
- (d) The Commissioner has the sole discretion to waive any requirements in this section.
- (e) If your application does not include each of the items required by paragraph (a) of this section, we may return it to you for additional information. Unless the Commissioner waives one or more requirements, we will not process an incomplete or untimely application.

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

20 C.F.R. § 403.120.

Federal regulations pertinent to SSA employees prohibit such employees from providing testimony, or making any disclosures or comments about official matters, absent the express authorization of the Commissioner or his designee. *See* 42 U.S.C. §§902(a)(5), 1306(a), 20 Code of Federal Regulations, §403.100. It should be noted that the Eleventh Circuit continues to interpret *United States ex rel. Touhy v. Ragen, infra.,* as requiring the quashing of subpoenas for testimony where agency regulations prohibit a government employee from appearing and giving such testimony. *United States v. Bizzard,* 674 F.2d 1382, 1387, *cert. denied,* 459 U.S. 973,(1982); *Moore v. Armour Pharmaceutical Co.,* 927 F.2d 1194, 1197 (11th Cir. 1991).

Under the circumstances of the instant case, where the pertinent regulations forbid compliance without authorization by an appropriate official and that authorization has not been given, the Subpoena must be quashed.

20. Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Nonparties, Dr. Jose Nadine Garcon, M.D. and Isis Rotella, has conferred with counsel for Plaintiff and counsel for the Defendant about this Motion and counsel has not yet indicated their position with respect to this Motion. To avoid further delay, this Motion is being filed and will be supplemented following information regarding their respective positions.

WHEREFORE, for the reasons set forth herein, the undersigned counsel respectfully requests that the subpoena issued to Dr. Garcon and Isis Rotella be quashed in all respects, that this court issue an order protecting these non-parties from any deposition or trial subpoena that does not

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

comply with the applicable regulatory provisions, that counsel's objection raised at Dr. Garcon's depositions be sustained and previously produced materials and prior testimony be sealed and/or stricken and for any and all further relief this Court deems just.

Dated on March 31, 2015.          Respectfully submitted,

BILLING, COCHRAN, LYLES,
MAURO & RAMSEY, P.A.
SunTrust Center, 6th Floor
515 E. Las Olas Blvd.
Fort Lauderdale, FL 33301
Tel: (954) 764-7150
Fax: (954) 764-7279
Attorneys for Non Party, Dr. Garcon
Electronically file Pleadings to:
ftl-pleadings@bclmr.com

By:   s/Rachel T. Davant
      Rachel T. Davant, Esq.
      Florida Bar No.: 0573159
      rtd@bclmr.com
      John W. Mauro, Esq.
      Florida Bar No. 276634
      jwm@bclmr.com

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 31, 2015, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Counsel for Plaintiffs**
Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 market St.
Chattanooga, TN 37402
423-265-2020
adams@tennesseeaccidentlaw.com ; Jennifer@tennesseeaccidentlaw.com

**Co-Counsel for Plaintiffs**
Dorothy Sims, Esq.
Sims & Stakenborg, P.A.
P.O. Box 3188
118 W. Fort King Street
Ocala, FL 33471
352-629-0421
dcs@Ocoalaw.com

**Co-Counsel for Plaintiffs**
Joseph A. Fried, Esq.
Fried Rogers Goldberg, LLC
3560 Lenox Road NE, Suite 1250
Atlanta, GA 30326
joe@frg-law.com ; sarah@frg-law.com

**Counsel for MX, Inc. and Frank Nichols**
Daniel J. Santaniello, Esq. / Jorge Padilla, Esq.
Luks, Santaniello, Petrillo & Jones, P.A.
150 W. Flagler Street, Suite 2750
Miami, FL 33130
305-377-8900
Luksmia-pleadings@ls-law.com

In Re: Luihn v. MX, Inc., et al.
Case No. 14-CV-21515-WILLIAMS

**Counsel**
Daniel J. Rheaume, Esq.
Welt & Rheume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
dan@wrflalaw.com

s/Rachel T. Davant, Esq.
Rachel T. Davant