UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-CV-21515 – GAYLES/TURNOFF

JACOB LUIHN and JOHANNA LUIHN,

    Plaintiff,

vs.

MX, INC., and FRANK NICHOLS,

    Defendants.

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OR EVIDENCE WHETHER PLAINTIFF MALINGERED, EXAGGERATED, OR LACKED EFFORT DURING EXAMINATIONS**

Plaintiffs, Jacob Luihn and Johanna Luihn, move *in limine* to exclude expert testimony or evidence whether Mr. Luihn malingered, exaggerated, or lacked effort during examinations. Such opinions should be excluded because Defendants' experts did not timely disclose them, did not perform a differential diagnosis to reach them, and speculate based on gut feelings.

**BACKGROUND**

Defendants have identified the following eight (8) medical experts in this case, to-wit:

(1) Dr. Dr. Anthony Dorto;
(2) Dr. Charles Citrin;
(3) Dr. Marc Engel;
(4) Dr. Jose Nadine Garcon
(5) Dr. Kenneth Jarolem;
(6) Dr. Robert L. Kagan;
(7) Dr. Ray Lopez; and
(8) Dr. Sally Kolitz-Russell.

In their initial Rule 26 Disclosures of these experts, the Defendants did not identify any of these experts as having opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. To the extent that any of these witnesses opined that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations, none were properly supported by reliable facts, data or scientific criteria.

## DEFENDANTS' EXPERTS SHOULD BE LIMITED

### 1.  Dr. Charles Citrin

On January 26 2014, Defendants MX and Nichols filed their Third Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses also identifying Dr. Citrin as "an expert in radiology and neuro-radiology." [Doc. 85, p. 6].  He was not identified as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations.

Along with the formal disclosure filed with the Court, Defendants MX and Nichols filed Dr. Citrin's report with the Court.  [Doc. 85-1, p. 10].  In his report, Dr. Citrin did not offer any opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. At his March 5, 2105 deposition, Dr. Citrin testified he "would not be able to comment on" whether Mr. Luihn malingered, exaggerated, or lacked effort during examinations. (Ex. A, Citrin Dep. at 49)

### 2.  Dr. Anthony Dorto

On December 12, 2014, Defendants MX, Inc. and Frank Nichols file their Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Rebuttal Witnesses identifying Dr. Anthony Dorto as a life care specialist/vocational expert.  Along with the formal disclosure

2

filed with tis Court [Doc. 64, pp. 2-3], Defendants MX and Nichols also filed a copy of Dr. Dorto's report with the Court [Doc. 64-1].

Defendants did not identify Dr. Dorto as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. Moreover, within the twenty (20) pages of Dr. Dorto's report [Doc. 64-1, pp. 19-49] submitted to this Court, Dr. Dorto never once opines who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. Rather, Dr. Dorto testified that he had no reason to dispute Mr. Luihn's injury and complaint that he had pain everyday:

> Q.  You have no reason to say Mr. Luihn is lying about getting hurt in this wreck or about his symptoms, fair?
> A.  Yes, sir.
> Q.  True?
> A.  Yes.   (Ex. B, Dorto Dep., p. 97:18-22)
> Q.  Now, is it fair to say that Jacob Luihn says that he experiences pain every day?
> THE WITNESS:  If he's saying that, I have no reason to dispute that.

(Dorto Dep. at p. 64:21-25).  Moreover, Dr. Dorto has no reason to dispute the observations made by Mr. Luihn's wife, family, co-workers, and friends regarding their observations of him. (Dorto Dep. pp. 97:23 -98:9).

**3.  Dr. Marc Engel**

On January 21, 2015, Defendants MX and Nichols filed their Second Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses, identifying Dr. Marc Engel as a physician that read the MRI/DTI of Plaintiff Jacob Luin's brain." [Doc. 81, p. 6]. Defendants did not identify Dr. Engel as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations.  Dr. Engel has not sought to render any such opinions in any report or during deposition testimony.

3

Moreover, Defendants have never disclosed any factual basis in the possession or knowledge of Dr. Engel to render any such opinions.

**4.  Dr. Jose Nadine Garcon**

On January 21, 2015, Defendants MX and Nichols filed their Second Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses identifying Dr. Jose Nadine Garcon one of the psychologists that evaluated and/or treated Plaintiff Jacob Luihn. [Doc. 82, p. 6].  Defendants did not identify Dr. Garcon as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations.  Moreover, Defendants have never disclosed any factual basis in the possession or knowledge of Dr. Garcon to render any such opinions.

**5.  Dr. Kenneth Jarolem**

On December 22, 2104, Defendants MX and Nichols filed their Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses, identifying Dr. Kenneth Jarolem as an orthopedic surgeon. [Doc. 63, p. 2].  Defendants did not identify Dr. Engel as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations.  (Id.). No report was filed.

On January 21, 2015, Defendants MX and Nichols filed their Second Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses, again identifying Dr. Kenneth Jarolem as an orthopedic surgeon, but still did not identify Dr. Jarolem as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. [Doc. 82, p. 2].

4

At his February 25, 2015 deposition, Dr. Jarolem testified he did not make any findings of malingering or of symptom magnification:

> A. …I don't recall having any conversation with the defense attorneys about any issues regarding malingering. And if there is an issue of malingering, the injuries to his wrist and hand were objective, they were objective findings. He had those injuries, there's no disputing them.
>
> When I evaluated him, he really didn't have pain, he didn't have limitation of motion, so there was – there were no findings of malingering or symptom magnification for his orthopedic injuries. Again I have no opinions regarding his claims of a traumatic brain injury.

(Ex. C, Jarolem Dep. at 18:4-14). Dr. Jarolem was asked directly whether or not he was going to testify that Mr. Luihn was malingering, as follows:

> Q. Okay. So you're not going to be testifying that he is malingering, is that correct?
>
> A. No, the I'm -- again no opinions regarding potential brain injury, but for the left wrist and the left long finger, there were objective evidence of injury. He treated, he resolved those complaints. He was not malingering and magnifying those complaints when I met him. His exam was essentially normal of those areas. So there's no issues for me from orthopedics to deal with malingering.

(Jarolem Dep. at 18:15-23).

After Dr. Jarolem testified that Mr. Luihn was NOT malingering or magnifying symptoms, Dr. Jarolem testified that malingering and magnification would be on the list for a differential diagnosis, if Mr. Luihn continued to complain of pain in his arm after his care and

5

treatment with Dr. Jarolem.  More importantly, however, Dr. Jarolem testified that he, Dr. Jarolem, had not actually made any such differential diagnosis. (See, Jarolem Dep. at pp. 32-34).

**6.  Dr. Robert L. Kagan**

On January 21, 2015, Defendants MX and Nichols filed their Second Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses identifying Dr. Robert L. Kagan as a physician who would testify about his interpretation of the MRI/DTI of Plaintiff Luihn's brain. [Doc. 82, p. 6].  Defendants attached Dr. Kagan's medical records [Doc. 82-1, pp. 1-17], but no formal report.  Defendants did not identify Dr. Kagan as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. (Id.). Likewise, Dr. Kagan's medical records do not contain any opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations, nor did Dr. Kagan seek to render any such opinions at his February 12, 2015 deposition.

**7.  Dr. Ray Lopez**

On December 22, 2104, Defendants MX and Nichols filed their Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses, identifying Dr. Ray Lopez as a neurologist. [Doc. 63, p. 3].  Defendants did not identify Dr. Kagan as an expert who would be rendering opinions that Mr. Luihn was malingering, exaggerating symptoms, or faking effort during examinations. (Id.).

At his January 28, 2015 deposition, Dr. Lopez testified that he had other opinions that were not set forth in his March 6, 2013 report.  Specifically, Dr. Lopez testified that he might have additional opinions if asked on topics such as attendant care, life expectancy, etc. that were not disclosed in his report. (Ex. D, Lopez Dep. 25:12-24).  All of these non-disclosed opinions

should be excluded, including any opinions relative to malingering, exaggerating symptoms, or faking effort during examinations.

At his deposition, Dr. Lopez was asked directly whether or not he noted any malingering or exaggeration during his treatment of Mr. Luihn:.

> Q. And I don't see any notes of malingering or trying to fake anything with you. If you had noted that, you would have put it in your report certainly. True?
> A. I don't think I ever put malingering in a report unless it's pretty blatant.
> Q. Fair to say you didn't find malingering in this case?
> A. Correct.
> Q. And had you found malingering or somebody exaggerating their complaints of pain for money, you would have noted that in your record. True?
> A. Probably, yes.

(Lopez Dep. at 26:3-14).

**8.  Dr. Sally Kolitz-Russell**

On December 22, 2014, Defendants MX and Nichols filed their Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses, identifying Dr. Sally Kolitz-Russell as a neuropsychologist. [Doc. 63, p. 4].

On January 21, 2015, Defendants MX and Nichols filed their Second Supplemental Rule 26 Disclosures and made the exact same disclosure relative to Dr. Kolitz-Russell as they did on December 22, 2014. Again no report was filed.

Dr. Kolitz-Russell was deposed on January 16, 2015 and also on March 26, 2015.  At her depositions, Dr. Kolitz-Russell offered neither opinions relative to whether any medical treatment was necessary nor opinions as to the reasonableness of any medical charges. Dr. Kolitz-Russell has not rendered any such opinions in any of her reports.  Moreover, Defendants

have never disclosed any factual basis in the possession or knowledge of Dr. Kolitz-Russell to render any such opinions.

Defendants' expert, Dr. Sally K. Russell, a neuropsychologist, purports to opine that Mr. Luihn malingered, exaggerated, or lacked effort during examinations. Yet, Dr. Russell did not diagnose Mr. Luihn with malingering in her own examination, but disclosed for the first time at her second deposition that she "may have opinions about other testing" performed by other doctors. Russell Dep. (March 26, 2015) at 40:20-41:10. In that regard, Dr. Russell explained, "Well, I do believe overall there is exaggeration. I do believe there may be exaggeration in the neuropsychological realm and even the psychological realm of certain things, even in my interview, that didn't make any sense with brain injury." *Id.* at 59:7-11. Dr. Russell derived this opinion from her gut feeling that it was "extremely strange" that Mr. Luihn "would repeat whatever I or my psychometrician said, and would ask questions of almost every single direction we gave," even though he had not done that before with other doctors, and reported symptoms that were "highly unusual." *Id.* at 60:2-10. Nowhere did Dr. Russell explain she had performed a differential diagnosis to reach this opinion; indeed, Dr. Russell admitted she did not make that diagnosis at all. *Id.* at 40:20-41:10.

Dr. Russel was asked specifically whether Mr. Luihn was malingering or failing to give full effort. Her testing showed that he was giving full effort, to-wit:

Q. Okay. Now, it's my understanding from your report and from your deposition that you are not going to diagnose Jacob Luihn with malingering. Is that still correct?

A. I'm not going to diagnose him with -- well, I don't even say malingering. I'm not going to diagnose him with lack of effort and motivation in my own testing,

8

that's correct. I may have opinions about other testing, but my own I think, for the most part, he gave good effort. There were some inconsistencies in some places where he did worse than he did in Dr. Arias' last testing, which I can't say for what reason. I'm not going to say it was because he wasn't giving effort and motivation.

(Russell 3/26/2015 Dep., pp. 40:20 – 41:10).

## ARGUMENT

I. **DEFENDANTS FAILED TO DISCLOSE EXPERT OPINIONS THAT PLAINTIFF MALINGERED, EXAGGERATED, OR LACKED EFFORT DURING EXAMINATIONS, AND THAT FAILURE WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS**

Federal Rule of Civil Procedure 26(a) and (e) requires parties to disclose all bases of their experts' opinions and to timely supplement their disclosures. Rule 26(a)(2)(B)(i) specifically requires experts to disclose a "complete statement of all opinions the witness will express and the basis and reasons for them." Where a party fails to provide the information required by Rule 26(a) or (e), Federal Rule of Civil Procedure 37 prohibits a party from relying on the undisclosed information to supply evidence at trial unless the failure was substantially justified or is harmless. "'The burden of establishing that the failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell* v. *Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009) (quotation omitted). Accordingly, unless permitted by the court, a party's expert may not testify about matters not disclosed in the expert report. *See Rembrandt Vision Tech., L.P.* v. *Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655, 664-65 (M.D. Fla. 2012) (testimony concerning new testing method, not previously disclosed, excluded).

According to the scheduling orders, Defendants were required to disclose their experts' opinions by written expert reports by November 21, 2014 (extended through December 22, 2014) and December 21, 2104 for rebuttal experts. None of the reports disclosed included

opinions that Mr. Luihn malingered, exaggerated, or lacked effort during examinations. Nevertheless, Defendants' experts opined during their depositions that Mr. Luihn may have malingered, exaggerated, or lacked effort during examinations. Because those expert deadlines have passed, not only are these opinions untimely, but Defendants cannot establish that failure was substantially justified or harmless.

## II. DEFENDANTS' EXPERTS LACK THE EXPERTISE TO OPINE THAT PLAINTIFF MALINGERED, EXAGGERATED, OR LACKED EFFORT DURING EXAMINATIONS

An expert may only offer opinions within his or her area of expertise. As explained by *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993), expert testimony is allowed into evidence only where, among other things, the expert is qualified to testify competently on the matters he intends to address. *See also* Fed. R. Evid. 702 (witness must have knowledge, skill, experience, training, or education in area to be qualified as an expert). Although a witness may be qualified as an expert on one subject, he or she may not render expert opinions in other areas outside of his or her area of expertise. *See Berner* v. *Carnival Corp.*, 632 F. Supp. 2d 1208, 1213 (S.D. Fla. 2009).

When an opinion "merely lists potential causes instead of drawing any conclusion," it is "speculative" and must be excluded. *Eberli* v. *Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1365 (S.D. Fla. 2009). "Differential diagnosis is considered to be 'a standard scientific technique of identifying the cause of a medical problem by eliminating the likely causes until the most probable one is isolated.'" *Best* v. *Lowe's Home Centers, Inc.*, 563 F.3d 171, 178 (6th Cir. 2009) (citation omitted). When a differential diagnosis is performed incorrectly, expert testimony based on it is unreliable and must be excluded. *Pritchard* v. *Dow Agro Sciences*, 705 F. Supp. 2d 471, 490 (W.D. Pa. 2010) *aff'd*, 430 Fed. App'x 102 (3d Cir. 2011).

None of the opinions that Mr. Luihn "may" have malingered, lacked effort, or exaggerated are not supported by any differential diagnosis, never mind one that was performed incorrectly. Instead, Dr. Russell's opinion appears to rely on her gut feeling that certain things "didn't make any sense" otherwise. But that is not what experts do. Similarly, Dr. Lopez's "belie[f]" that Plaintiff is "faking" it was not based on a differential diagnosis. Finally, Dr. Jarolem's testimony regarding malingering was that it was only a possibility. All these opinions are therefore speculative and must be excluded as unreliable.

### III. OPINIONS REGARDING INTENT, STATE OF MIND, OR MOTIVATION OF ANOTHER IS BEYOND THE PERMISSIBLE SCOPE OF EXPERT OPINION TESTIMONY

In addition, to the extent that any expert attempts to offer opinions regarding Jacob Luihn's intent, state of mind, or motivations, such testimony is outside the bounds of appropriate expert testimony. *Tillman v. C.R. Bard, Inc.*, 2015 WL 1456657, at *14 (M.D. Fla. Mar. 30, 2015)(citations omitted). To that end, experts should be instructed not to delve into this impermissible area.

### CONCLUSION

Wherefore, the Court should enter an Order excluding all expert testimony and evidence that Mr. Luihn malingered, exaggerated, or lacked effort during examinations.

This 13th day of April, 2015.

**FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 591-1800
Telecopier: (404) 574-6247
joe@frg-law.com

11

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM/ECF this 13th day of April, 2015 to: Jorge Padilla, Esq., Attorney for MXI, Inc. and Frank Nichols, luksmia-pleadings@ls-law.com, Luks, Santaniello, Petrillo & Jones, 150 West Flagler Street, Suite 1675, Miami, Florida 33130; Bruce M. Trybus, Esq., Attorney for State Farm, btrybus@ctkplaw.com, Cooney, Trybus, Kwaynick, Peets, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida 33309; Morgan G. Adams, Esq., adams@tennesseeaccidentlaw.com, 1419 Market Street, Chattanooga, TN 37402; Dorothy Clay Sims, dcs@ocalaw.com, Sims & Stakenborg, 118 W. Fort King Street, Ocala, FL 34471; and Joseph A. Fried, joe@frg-law.com, Fried Rogers Goldberg LLC, 3560 Lennox Road, NE, Suite 1250 Atlanta, Georgia 30326-4275.

                                              **FRIED ROGERS GOLDBERG, LLC**

                                              */s/ Joseph A. Fried*
                                              JOSEPH A. FRIED
                                              Florida Bar No. 0040850
                                              *Attorney for Plaintiffs*
                                              3560 Lenox Road NE
                                              Suite 1250
                                              Atlanta, GA 30326
                                              Telephone:  (404) 591-1800
                                              Telecopier:  (404) 574-6247
                                              joe@frg-law.com