UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-21515 – GAYLES/TURNOFF

JACOB LUIHN and JOHANNA LUIHN,

        Plaintiffs,

v.

MX, INC and FRANK NICHOLS,

        Defendants.

_____

**MOTION TO STRIKE DR. JOSE GARCON AND ISIS ROTELLA
AND EXCLUDING ALL RECORDS**

    Comes now the PLAINTIFFS by and through their undersigned counsel and move this Court for an order striking Dr. Jose Garcon, PsyD and Isis Rotella, MS and excluding all records generated by either under Rule 37(c)(1) or Rule 37(a)(2)(B)(ii), Federal Rules of Civil Procedure.  The undersigned states the following in support thereof:

1. Dr. Garcon is a psychologist who was retained by the Social Security Administration to examine the Plaintiff, Jacob Luihn.

2. Thereafter, Dr. Garcon executed a report to the Office of Disability determinations reaching certain conclusions based on an assessment date of September 26, 2012.

3. Dr. Garcon described the assessment and test data and reached certain conclusions.

4. These conclusions were based in part upon tests allegedly administered by Dr. Garcon.  The tests include questions, answers and scoring results.

5. On July 23, 26 and August 2, 2013, Dr. Garcon was requested by both Plaintiff and Dr. Arias to send her raw data to Dr. Arias.  *See* Exhibit B

6. On July 26, 2013, Dr. Garcon informed Plaintiff's counsel she would not release the test data without a court order. *See* Exhibit C.

7. Dr. Garcon reiterated her refusal to send the raw data on each of those dates. See Exhibit B.

8. On February 23, 2015 this Court entered an order compelling Dr. Garcon and others to release the raw test data to the lawyers in this civil action.  [Doc. 102].

9. The undersigned provided Dr. Garcon with a copy of the order on February 26, 2015 and again on March 10, 2015.  *See* Exhibit D.

10. Despite knowing that Dr. Garcon continued to refuse to provide the raw data to Plaintiffs, Defendants pushed forward with Dr. Garcon's deposition on March 13, 2015 over the objections of Plaintiffs.  *See* Exhibit A - Garcon Dep. p. 6:4-22

11. Dr. Garcon refused to comply with this Court's order by the date of the deposition. See Exhibit A - Garcon Dep. p. 11:18-25.

12. Dr. Garcon was aware of the Court order before the deposition.  *See* Exhibit A - Garcon Dep. p. 11:18-25.

13. In her deposition, Dr. Garcon responded "Yes" to the following question:  "Now are you telling me that you're withholding providing this to us despite the Court order?"  *See* Exhibit A - Garcon Dep. p. 11: 18-25.

14. Dr. Garcon claimed releasing the test data would violate client confidentiality.  *See* Exhibit A - Garcon Dep. p. 14:9-25.

15. Dr. Garcon then claimed it would be "unethical" to comply with this Court's order by releasing the raw data to the lawyers. *See* Exhibit A - Garcon Dep. p. 14:9-25.

16. Dr. Garcon has, as of this date, still continued to refuse to comply with the Court's order.

17. Dr. Garcon was asked the following under oath:

    Q. …Does this report contain all your findings and your opinions based *on your clinical evaluation* of Jacob Luihn?"  (emphasis supplied)

    A: Yes.

    *See* Exhibit A - Garcon Dep. p. 16:11-15.

18. Dr. Garcon further claimed it was a "neuropsych evaluation."  *See* Exhibit A - Garcon Dep. p. 39:18-22.

19. However, later Dr. Garcon admitted at her deposition that ***she'd never even met the plaintiff, nor evaluated him nor tested him***.  See Exhibit E - Garcon Dep. p. 42:12-16.

20. When she was asked if she was even in the room during the evaluation, Dr. Garcon evaded the question.  *See* Exhibit A - Garcon Dep. p. 42:21-23.

21. In fact, Isis Rotella was the individual who actually examined the patient and administered the tests.  Ms. Rotella does not hold a Ph.D or Psy.D.  *See* Exhibit A - Garcon Dep. pp. 42:19- 43:1.

22. Whenever Dr. Garcon was asked questions about the actual raw data that she refused to produce, she would begin to answer but then would refuse to complete her answer.  In fact she even demanded that some of her testimony regarding the specifics of the raw data be removed from the record. *See* Exhibit A - Garcon Dep. p. 109:23 – 110:9.

23. Dr. Garcon not only refused to produce the raw data to the Plaintiff's treating doctor, Dr. Garcon also refused to produce it to the undersigned, all in spite of the Court's order

requiring her to do exactly that.  She even refused to answer specific questions about the raw data.

24. Plaintiffs have attempted to re-depose Dr. Garcon, but Dr. Garcon has refused to appear for a deposition.  To that end, on March 31, 2015, Dr. Garcon filed a Motion to Quash [Doc. 142] with this Court, which is scheduled to be heard on April 16, 2015.

## MEMORANDUM OF LAW

An expert witness must disclose the facts or data considered in forming an opinion.[1]  Raw data used in psychological testing must be disclosed under Rule 26.[2]  If the facts or data are not provided, the party is not allowed to use that information or witness as evidence.[3]  The party may only use the witness if they can show the failure to provide the facts or data is either substantially justified or harmless.[4]

### I. DOCTOR GARCON'S INTENTIONAL FAILURE TO DISCLOSE THE RAW DATA IS NOT JUSTIFIED

Dr. Garcon claims state law requires her to keep the raw data confidential.  *See* Exhibit A - Garcon Dep. p. 12:6-8.  Dr. Garcon further claims her profession's code of ethics requires her to keep the raw data confidential.  *See* Exhibit A - Garcon Dep. p. 14:9-25.  Both of these positions are meritless.

---

[1] F. R. Civ. P. 26(a)(2)(B)(ii).
[2] *See In re Crash Near Air Clearance Center*, *New York, on February 12, 2009*, 09-md-2085, 2013 Lexis 163926 *15-16 (W.D.N.Y., November 18, 2013); *McCumons v. Marougi*, 08-11164-BC, 2011 Lexis 37937 *5 (E.D. Mich. April 7, 2011) (" . . . turn[ing] over the raw data . . .is clearly required by the federal rules.").
[3] F. R. Civ. P. 37(c)(1).
[4] *Id*.

A psychologist in Florida is allowed to release raw test data in three circumstances.[5] The relevant circumstance to this case is the third, "when release of the material is otherwise required by law."[6] When the release of test data is otherwise required by law, a psychologist is required to certify that all raw test data has been provided.[7]

On February 23, 2015, this Court entered an order requiring the production of Dr. Garcon's raw test data. Dr. Garcon was aware of the order. *See* Exhibit A - Garcon Dep. p. 15:1-3. Florida law does not prohibit the release of the raw data, when released pursuant to a valid court order. Under the Florida Administrative Code, Dr. Garcon is not prohibited from releasing the raw data. It does not enable her to evade this Court's prior order.

Contrary to Dr. Garcon's claim that ethics preclude the release of the raw data, the American Psychological Association Code of Ethics explicitly allows it. The American Psychological Association allows the release of test data in two circumstances.[8] Certain test data may be released if the client or patient requests it.[9] Without a release, test data should be provided if it is required by law or court order.[10]

On August 1, 2013, Plaintiff requested the raw data through a written release. *See* Exhibit B. On February 23, 2015, this court ordered Dr. Garcon to produce the raw data.[11] The court order is sufficient to ensure disclosure complies with ethical guidelines.[12] Plaintiff's

---

[5] Fla. Admin. Code r64 19B-18.004(3) (2014).
[6] *Id*.
[7] *Id*.
[8] American Psychological Association Code of Ethics Rule 9.04 (2014), *available at* http://www.apa.org/ethics/code/principles.pdf
[9] *Id*. at 9.04(a); (b).
[10] *Id*. at 9.04(b).
[11] [Doc. 102].
[12] *See Taylor v. Erna*, 08-10534-DPW, 2009 Lexis 69033 *2 (D. Mass. Aug. 3, 2009). Other courts impose protective orders or non-disclosure agreements, depending on state requirements. *See Whitney v. Franklin General Hospital*, C13-3048, 2014 Lexis 177182 *6 (N.D. Iowa,

unopposed motion and agreed order contained safeguards consistent with the APA ethical guidelines.[13] Disclosure of the raw test data is not a violation of the code of ethics governing Dr. Garcon's profession.

## II. DOCTOR GARCON'S INTENTIONAL FAILURE TO DISCLOSE THE RAW DATA WAS NOT HARMLESS

Plaintiffs and Plaintiffs' counsel should have been provided the raw data and the ability to cross-examine Dr. Garcon and her assistant Rotella. Plaintiff needed the raw data in order to continue with therapy. *See* Exhibit C. Plaintiffs' counsel reincorporates the arguments made in the unopposed motion to compel production of the raw data.[14]

Further, the information provided prior to and during the deposition suggests several suspicious items, making the raw data itself untrustworthy. Dr. Garcon admitted not being able to read some of plaintiff's responses. *See* Exhibit A - Garcon Dep. p. 121:21- 122:6. Dr. Garcon further **admitted she never met Plaintiff.** (Emphasis added). *See* Exhibit A - Garcon Dep. p. 42:15- 43:1. Dr. Garcon did not perform the tests. *Id.* Dr. Garcon improperly assigned the task of administering the tests to someone who was not licensed to administer them.

Dr. Garcon signed the report as if she had been the one to administer the tests, when she, in fact, was not. It is not surprising that Florida law requires a psychologist to specify every person who assisted a psychologist in administering a test.[15] A psychologist must also specify the

---

December 23, 2014) (discussing cases). Florida law just requires a court order. *See* Fla. Admin. Code r64B, 19-18.004(3) (2014).

[13] Plaintiff's counsel agreed not to disclose the raw test data to third parties. ECF Docket 100 at p.11-12. Counsel also agreed to shred counsel's copy of the raw data after this lawsuit was complete. *Id*. This is a reasonable effort to maintain test security. *See* American Psychological Association Code of Ethics Rule 9.11; Fla. Admin. Code r64, 19B-18.004(3) (2014).

[14] [Doc. 100].

[15] Fla. Admin. Code r64B, 19-18.004(2)(d) (2014).

role each assistant played in administering the test.[16] Dr. Garcon failed to include any mention in her report that she, Dr. Garcon, did not actually administer tests, nor did Dr. Garcon disclose in her report that she had never even met the Plaintiff.  Dr. Garcon also violated the federal law governing Social Security consultative examinations, which requires the person signing the report to have *actually performed the exam*.[17]  (Emphasis added)

Not only did Dr. Garcon violate state and federal law by signing the report as though she performed the exam and billing for an exam she never conducted, she also violated her own profession's code of ethics.  Psychologists can only ethically offer their observations after they have performed an exam. [18] While the rule makes an exception for cases where an examination would be "impractical", nothing in the deposition or report suggests this would have been impractical. Clearly, it was not impractical since he was, in fact examined.

### III.     STRIKING DR. GARCON'S AND ISIS ROTELLA'S TESTIMONY AND THE UNDERLYING TESTING AND RAW DATA IS THE APPROPRIATE FORM OF RELIEF

This Court should strike both the testimony of Isis Rotella and Dr. Garcon. Dr. Garcon willfully failed to comply with this Court's prior order. State law and professional guidelines do not allow her to disobey this order. Dr. Garcon's report was misleading and deceptive. Even if Dr. Garcon produces the raw data, her evasive answers at the deposition indicate she will not answer questions regarding the specifics of the raw data or the basis of her opinion. By refusing to timely release the raw data after the Court order, Dr. Garcon has prejudiced Plaintiff. Plaintiff's counsel will not be able to able to adequately prepare for her continued deposition by

---

[16] *Id*.
[17] 20 C.F.R. 404.1519n(e) (2014).
[18] American Psychological Association Code of Ethics 9.01(b) which finds the psychologist must only render an opinion regarding a patient after examining the patient unless they  did a paper review or found it was not possible to examine the patient

reviewing the raw data, discussing the raw data with Plaintiff and his treating doctor and/or experts or researching the answers and scoring within the raw data.

## CONCLUSION

Dr. Garcon failed to comply with this Court's order to provide the raw data. It appears that Dr. Garcon refusal to subject herself and her data to examination is because Dr. Garcon's testing and examination likely violated state law, federal law, and professional ethics. This Court should enter an order striking both the testimony and opinions of Dr. Garcon and Isis Rotella, as well as all testing of Plaintiff under Rule 37(c)(1) or 37(b)(2)(A). Furthermore, because it is clear that Dr. Garcon improperly had another person administer the subject testing, who was not properly licensed to administer such tests, the test are unreliable hearsay and should be precluded from use in this cause.

**WHEREFORE**, Plaintiffs moves this Court to enter an Order striking the testimony of Dr. Jose Garcon and Isis Rotella and also excluding all testing raw data testing and reports generated by either in whole or in part.

This 13th day of April, 2015.

**FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 591-1800
Telecopier: (404) 574-6247
joe@frg-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM/ECF this 13th day of April, 2015 to: Jorge Padilla, Esq., Attorney for MXI, Inc. and Frank Nichols, luksmia-pleadings@ls-law.com, Luks, Santaniello, Petrillo & Jones, 150 West Flagler Street, Suite 1675, Miami, Florida 33130; Bruce M. Trybus, Esq., Attorney for State Farm, btrybus@ctkplaw.com, Cooney, Trybus, Kwaynick, Peets, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida 33309; Morgan G. Adams, Esq., adams@tennesseeaccidentlaw.com, 1419 Market Street, Chattanooga, TN 37402; Dorothy Clay Sims, dcs@ocalaw.com, Sims & Stakenborg, 118 W. Fort King Street, Ocala, FL 34471; and Joseph A. Fried, joe@frg-law.com, Fried Rogers Goldberg LLC, 3560 Lennox Road, NE, Suite 1250 Atlanta, Georgia 30326-4275.

**FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 591-1800
Telecopier: (404) 574-6247
joe@frg-law.com