UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  14-CV-21515 – GAYLES/TURNOFF

JACOB LUIHN and
JOHANNA LUIHN,

    Plaintiffs

vs.

MX, INC. and FRANK NICHOLS,

    Defendants

_____

**PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS'
EXPERT WITNESSES FOR FAILURE TO TIMELY DISCLOSE AND FAILURE TO
PROPERLY DISCLOSE PURSUANT TO FED. R. CIV. P. 26**
_____

## I.  BACKGROUND

MXI is a tractor-trailer company whose driver, Frank Nichols, ran a red light causing a wreck with Jacob Luihn on March 13, 2012.  The injuries were severe, with Jacob being life-flighted from the scene.  Jacob has since been treated for traumatic brain injuries and orthopedic injuries.  Liability is disputed, with the eyewitness stating the tractor-trailer ran the red light, MXI's owner stating that Nichols had a yellow light, and Nichols himself stating in depositions that his light was green.  Suit was filed in state court and removed to federal court by the Defendants.  The Court has entered a Scheduling Order on June 3, 2014.  Defendant violation of the Scheduling Order, as amended, necessitated the filing of this Motion.

## II.  PROCEDURAL HISTORY

The case was removed from state court to federal court by the Defendants on April 28, 2014 [Doc. 1].  The Court entered a Scheduling Order [Doc. 11], which required Plaintiff and Defendants to disclose names and addresses of fact witnesses on July 27, 2014 [Doc. 11, p. 1]. On July 28, 2014, Defendants MXI and Nichols belatedly disclosed fact witnesses [Doc. 17].

The Court's Scheduling Order required Defendants to disclose "experts, expert witness summaries and reports" on or before November 21, 2014 [Doc. 11, p. 2].  On November 18, 2014, MXI and Nichols requested additional time to disclose their experts [Doc. 51] and submitted their purported expert witness disclosures on November 26, 2014, five days after the deadline.  The Court subsequently extended the Defendants' deadline to disclose their experts by thirty (30) days to and including December 22, 2014 [Doc. 76].  The Scheduling Order required the Parties exchange rebuttal expert witness summaries and reports on or before December 21, 2014. [Doc. 11, p. 2].

On December 22, 2014, Defendants MXI and Nichols filed their Supplemental Federal Rule of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure Of Expert Witnesses [Doc. 63]. Defendants MXI and Nichols identified three healthcare providers, to-wit:  Dr. Kenneth Jarolem, an orthopedic surgeon; Dr. Ray Lopez, a neurologist, and Sally Kolitz Russell, Ph.D, a neuropsychologist.

With regard to each of the above-listed experts, the Defendants included the following statement in its expert disclosures regarding their healthcare experts' opinions:

> As for Compulsory and Independent Medical Examinations, counsel is reminded that such reports **only** contain the findings and opinions done at the time of the examination. **Counsel intends to question the expert as to opinions on areas that go beyond the specific findings of the physical exam so the IME report does not contain nor is it intended that it lists every single opinion this expert will offer at trial.  Plaintiff's counsel is warned that to obtain all of these detailed opinions, a complete deposition**

2

> **should be taken** of our expert, whom we will make available without subpoena upon reasonable notice, so that counsel can ask and obtain any or all of the opinions in the general areas outlined above, and not to simply rely on the limited findings that were dictated by the expert during the IME.

*Id.* (emphasis added).

Defendants also identified a fourth retained expert witness, Charles Proctor, PE, an accident reconstructionist/human factors expert whom they intended to call to render opinions at the trial of this case regarding the accident at issue. Similar to the disclosures quoted above with regard to their healthcare experts, Defendants included the following statement in their expert disclosure regarding Mr. Proctor:

> **If a written report was provided, it is suggested that counsel depose the expert as opinions in the above areas go beyond those contained in his report.  Plaintiff's counsel is warned that to obtain all of these detailed opinions, a complete deposition should be taken of our expert,** whom we will make available without subpoena upon reasonable notice, so that counsel can ask and obtain any or all of the opinions in the general areas outlined above, and not to simply rely on the limited findings that were dictated the expert.

*Id.* (emphasis added).

Not only did the Defendants fail to provide a complete statement of all of Mr. Proctor's opinions, they failed to provide any report, failed to provide his qualifications, list of trial and deposition testimony, statement of compensation, and facts and data considered in forming Mr. Proctor's opinions.

On December 22, 2014, Defendants MXI and Nichols filed their Defendants' Federal Rule of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure of Expert Rebuttal Witnesses [Doc. 64].  Though the deadline to disclose rebuttal experts expired on December 21, 2014 (See Scheduling Order [Doc. 11, p. 2]), Defendants MXI and Nichols identified for the first time, Dr. Anthony Dorto, a life care specialist and vocational expert.  Defendants attached Dr. Dorto's December 16, 2104 and a copy of his CV, but improperly admonished Plaintiffs as follow:

3

> it is suggested that counsel depose the expert **as opinions in the above areas go beyond those contained in his report, which is limited to its contents and examination results**. Plaintiff's counsel is **warned** that to obtain all of these detailed opinions, a complete deposition should be taken of our expert, … and obtain any or all of the opinions in the general areas outlined above, and **not to simply rely on** *the limited findings* **that were dictated by the expert**.

[Doc.64 app 2-3] (emphasis added).

On January 21, 2015, *thirty (30) days after the deadline to disclose experts*, MXI and Nichols filed their Second Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure of Expert Witnesses [Doc. 82]. Defendants MX and Nichols disclosed, for the first time three, (3) additional experts were disclosed for the first time. These experts included: (1) Marc Engel, MD; (2) Robert Kagan, MD; and (3) Jose Garcon, Psy.D.

On January 26, 2015, *thirty-five (35) days after the deadline to disclose experts*, MXI and Nichols filed their Third Supplemental Federal Rule Of Civil Procedure Rule 26(A)(2)(A)-(B) Disclosure of Expert Witnesses [Doc. 85]. Defendants MX and Nichols disclosed, for the first time retained expert, Charles Citrin, M.D. According to Dr. Citron's billing records, he began reviewing Mr. Luihn's medical records on January 2, 2105. Presumably, Defendants had retained him prior to this date. Plaintiffs have requested the correspondence showing the actual retention date, but Defendants have not yet produced the same. Defendants attached: Dr. Citrin's *one page report dated January 18, 2015* [Doc. 81-1 at p. 10]; Dr. Citrin's CV; Dr. Kagan's medical records; an undated report from Dr. Garcon; and a CV and case list for Dr. Pennachio.

On March 3, 2015, *seventy-one (71) days after the deadline to disclose rebuttal experts*, MXI and Nichols filed their Defendants MXI Inc. and Frank Nichols's Federal Rule of Civil Procedure Rule 26(E) Rebuttal Expert Disclosure [Doc. 105]. Defendants attached new report from Dr. Citrin. [Doc. 105]. This eleven page single spaced report was dated February 23, 2015.

On March 5, 2015, Plaintiffs took the deposition of Dr. Citrin under protest due to the untimely disclosures. Dr. Citrin testified that he did not receive any additional information about Mr. Luihn between January 18 and February 23, 2015. Defendants provide no explanation as to why Dr. Citrin was asked to draft a very general and conclusory one page report on January 18, 2015 but then a month later to create an eleven (11) page report [Doc. 105-1] provided to Plaintiffs only two (2) days before Dr. Citrin's previously scheduled deposition.

The Court has the exclusive authority to modify the Scheduling Order. No motion to extend the deadlines for rebuttal expert disclosures has been made by the Defendants or agreed to by the Plaintiffs.

There is no basis for the extension of any deadlines that would permit Defendants to name experts, rebuttal experts, and file reports outside of the clear deadlines set by this Court. The Scheduling Order is clear and explicit, and has been in place since June 3, 2014. It goes without saying that the Scheduling Order is to be taken seriously, as it enables both sides to be fairly treated, without undue surprise or ambush, and controls the timeline of the case. Defendants were aware of the deadline and successfully requested a thirty (30) day extension through December 22, 2015 for the purpose of identifying it experts. Defendants sought no further extensions for identifying their expert and/or rebuttal experts.

### III. LAW AND ARGUMENT

Fed. R. Civ. P. 26(a)(2)(B) states as follows:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. **The report must contain:**
>
> **(i) a complete statement of all opinions the witness will express and the basis and reasons for them;**

>   (ii) the facts or data considered by the witness in forming them;
>
>   (iii) any exhibits that will be used to summarize or support them;
>
>   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
>   (vi) a statement of the compensation to be paid for the study and testimony in the case.

*See* Rule 26(a)(2)(B) Fed. R. Civ. P. (emphasis added). Rule 26(a)(2)(B) also requires that a party must make its expert disclosures "at the times and in the sequence that the court orders." Rule 26(e) further requires a party to supplement their expert's report, if they learn that "in some material respect the disclosure … is incomplete or incorrect."

Fed. R. Civ. P. 37(2)(1) states in relevant part as follows:

>   **(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial,** unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*See* Rule 37(2)(1) Fed. R. Civ. P. (emphasis added).

The underlying purpose of Rule 26(a) disclosures is to permit opposing counsel the opportunity "to adequately prepare for [the expert's] deposition or cross-examination and ensure that there will be no unfair surprise." *Thornton v. United States*, 2013 WL 443666 at *7 (S.D.

6

Ga. 2013; *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1357-1358 (S.D. Ga. 2012).  In fact, the Advisory Committee Note to the 1993 Amendment to Rule 26 expressly states that the reason said rule was implemented was "to accelerate the exchange of basic information … [to provide] opposing parties [with] a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses."

In the case of *Walter Int'l. Prod. Int. v. Salinas*, 650 F.3d 1402, 1408-1413 (11th Cir. 2011) the Eleventh Circuit affirmed a District Court's exclusion of the testimony of the Plaintiff's expert witness at that trial on the grounds that it "had failed to comply with the disclosures required under Fed. R. Civ. P. 26(a) and Plaintiff's failure to do so was not substantially justified or harmless." *Id*. at 1408-1409.  The District Court had held that the report from Plaintiff's expert [Leonard M. Cusano] was incomplete and inadequate under Rule 26(a)(2)(b) and rejected the Plaintiff's contention that "any non-compliance with Rule 26 involving [Cusano] was 'cured' when the Defendant took [Cusano's] deposition … after having received a supplement to his report via fax the morning of his deposition." *Id.* at 1409-1411.

In its opinion affirming the District Court's decision to exclude Plaintiff's expert Mr. Cusano's testimony at trial the *Walter* Court stated:

> The [Plaintiff's] failure to provide [Defendant] with expert reports within the meaning of Rule 26(a) violated that rule and the court's order.  The violation was not "substantially justified," Fed. R. Civ. P. 37(c)(1); indeed, there was no justification for it.  Nor was the violation "harmless".  *Id.*  **The reason for requiring that an expert report be provided before a deposition is taken is so the opposing party can use the report to examine the expert at the deposition.  As the district court pointed out, it is harmful to deprive opposing counsel of the expert's report before his deposition.**  The district court did not abuse its discretion when it excluded the testimony of Cusano and the [Plaintiff's] other experts.

*Id.* at 1412-1413 (emphasis added); *see also, Romero v. Drummond Co.*, 552 F.3d 1303, 1324 (11th Cir. 2008). ("The plaintiff failed to provide any sufficient disclosures 'as required by Rule 26(a),' before the deadline, so they could not offer any expert witnesses at trial.").

Defendants' apparent intention to have their expert witnesses supplement their disclosures at their depositions, would not be in compliance with Rule 26(a)(2)(B) or Rule 26(e)(1)(A). Although Rule 26(e)(1)(A) requires a party supplement their expert disclosures, where "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect, an expert report that suffers from a major omission cannot be cured by the use of supplementation. … Indeed, Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. . . .In that regard, [Rule 26] **exists to impose a duty, not to grant any right to produce information in a belated fashion."** *See Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575 at *2 (N.D. Fla. 2009) (emphasis added). Instead, "[i]f [the Defendants] believed that [they] needed additional time to make complete expert disclosures, it was incumbent upon [them] to file a Motion [for an extension] well in advance of the deadlines for expert disclosures and expert discovery." *See Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 WL 1837724 at *4 (S.D. Fla.).

Fed. R. Civ. P. 37(c)(1) operates as an "enforcement mechanism for Rule 26(a)(2)." *See Thornton, supra*, at *6. Under that Rule, when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." *Id*. "The burden of establishing that a failure to disclose was substantially justified or harmless rests with the nondisclosing party." *Id.; see also, Mitchell v. Ford Motor Co.*, 318 Fed.

8

Appx. 821, 824 (11th Cir. 2009). However, the Defendants in the instant case have failed to show any "substantial justification" for its failure to provide Plaintiffs with complete expert disclosure by the November 21, 2014 (extended through December 22, 2014) expert disclosure deadline or the December 21, 2014 rebuttal expert disclosure deadline, or that such failure is "harmless."

Based on the foregoing, Defendants have admitted that their Rule 26 expert disclosures are not complete, as required by Rule 26(a)(2)(B) Fed. R. Civ. P., because they expressly stated therein that Plaintiffs' counsel will need to depose their experts in order to obtain "all of [their] detailed opinions …" *Id.* However, Rule 26(a)(2)(B) required the Defendants to provide Plaintiffs with "a complete statement of all opinions the witness will express and the basis and the reasons for them" in their written expert reports by November 21, 2014 (extended through December 22, 2014), the Defendants' expert disclosure deadline, rather than at their experts' discovery depositions taken after that deadline. *See* Fed. R. Civ. P. 26(a)(2)(B)(i).

For this reason, Plaintiffs respectfully submit that this Court should enter an Order to the extent that Defendants' expert witnesses are limited to expressing the opinions set forth in detail in their written reports at trial and are not allowed to supplement their opinions at their depositions. Alternatively, Plaintiffs respectfully submit that, due to the inadequacy of Defendants' expert disclosures, this Court should enter an Order excluding Defendants' expert witnesses from testifying at the trial of this case.

Defendants MXI and Nichols obviously failed to properly and timely disclose Dr. Citrin as an expert witness, whether or not for rebuttal. Indeed, Defendants disclosed Dr. Citrin more than two months after the Court's ordered deadline.

Federal Rule of Civil Procedure 26(a) and (e) requires parties to disclose all bases of their experts' opinions and to timely supplement their disclosures. Rule 26(a)(2)(B)(i) specifically requires experts to disclose a "complete statement of all opinions the witness will express and the basis and reasons for them." Where a party fails to provide the information required by Rule 26(a) or (e), Federal Rule of Civil Procedure 37 prohibits a party from relying on the undisclosed information to supply evidence at trial unless the failure was substantially justified or is harmless. "'The burden of establishing that the failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009) (quotation omitted). Accordingly, unless permitted by the court, a party's expert may not testify about matters not disclosed in the expert report. *See Rembrandt Vision Tech., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655, 664-65 (M.D. Fla. 2012) (testimony concerning new testing method, not previously disclosed, excluded). Dr. Citrin should be excluded from testifying in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that:

1. This Court grant this Motion and enter an Order excluding any opinions by Defendants' expert witnesses that were not fully and completely disclosed in their written Rule 26 reports from the trial of this case;

2. Alternatively, this Court thereafter grant this Motion and enter an Order excluding all of Defendants' expert witnesses from testifying at the trial of this case;

3. This Court award Plaintiffs' counsel his reasonable attorney's fees and costs incurred in preparing and filing the instant Motion, pursuant to Rule 37 Fed. R. Civ. P. and/or its inherent authority; and

4. This Court grant Plaintiffs such other, further, and general relief to which they may be entitled.

This 13th day of April, 2015.

                                **FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 591-1800
Telecopier: (404) 574-6247
joe@frg-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM/ECF this 13th day of April, 2015 to: Jorge Padilla, Esq., Attorney for MXI, Inc. and Frank Nichols, luksmia-pleadings@ls-law.com, Luks, Santaniello, Petrillo & Jones, 150 West Flagler Street, Suite 1675, Miami, Florida 33130; Bruce M. Trybus, Esq., Attorney for State Farm, btrybus@ctkplaw.com, Cooney, Trybus, Kwaynick, Peets, 1600 W. Commercial Blvd., Suite 200, Ft. Lauderdale, Florida 33309; Morgan G. Adams, Esq., adams@tennesseeaccidentlaw.com, 1419 Market Street, Chattanooga, TN 37402; Dorothy Clay Sims, dcs@ocalaw.com, Sims & Stakenborg, 118 W. Fort King Street, Ocala, FL 34471; and Joseph A. Fried, joe@frg-law.com, Fried Rogers Goldberg LLC, 3560 Lennox Road, NE, Suite 1250 Atlanta, Georgia 30326-4275.

**FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 591-1800
Telecopier: (404) 574-6247
joe@frg-law.com