UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  14-CV-21515-GAYLES/TURNOFF

JACOB LUIHN and
JOHANNA LUIHN,

      Plaintiffs,

v.

MX, INC., *et al.*,

      Defendants.

                                            /

## DEFENDANTS' OMNIBUS MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW

Defendants MX, INC., *ET AL.,* by and through their undersigned counsel and pursuant to Federal Rules of Evidence, Southern District Local Rules, and other applicable federal law, hereby submit their Omnibus Motion *in limine* and Incorporated Memorandum of Law and in support state:

### Memorandum of Law

"A motion *in limine* is made before a trial has begun for the purpose of excluding or including certain evidence." *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). Although the Federal Rules of Evidence do not explicitly authorize motions *in limine*, they form part of the district court's inherent authority to manage the course of trials granted by Rule 611(a). *See Ohler v. United States,* 529 U.S. 753, 754 (2000); *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Therefore, this Court has the power to grant a motion *in limine* to exclude evidence that could be objected to at trial. *Luce*, 469 U.S. at 41 n.4. "'The real purpose of a Motion *In limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial.'" *Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697-CIV, 2014 WL 5312534, at *1 (S.D. Fla. Oct. 10, 2014) (quoting *Stewart v. Hooters of Am., Inc.,* No. 8:04–CV–40–T17–MAP, 2007 WL 1752873, at *1 (M.D.Fla. June 18,

2007)).  In addition, Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury.  *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999–1001 (5th Cir. 1980).

Evidence that is irrelevant is properly excluded.  Fed. R. Evid. 401, 402.  For evidence to be relevant "(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."  *United States v. Glasser*, 773 F.2d 1553, 1560 n.4 (11th Cir. 1985) (quoting *Hall,* 653 F.2d at 1005).  Even if evidence might be marginally relevant, if its prejudicial effect outweighs its probative value it must be excluded. Fed. R. Evid. 403.  Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice.  *See Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997).  "Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.  Testimony merely intended to bolster a party's case is more easily excluded under Rule 403 than testimony that forms a critical part of that case."  *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quotation omitted).

## Motion No. 1

Defendants' request that Plaintiffs' counsel be precluded from making an impermissible "golden rule" argument by encouraging the jurors to place themselves in the position or situation of the Plaintiff.  *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1540 n.1 (11th Cir. 1989) (stating that an argument that encourages the jurors to put themselves in the shoes of the plaintiff and "do unto him as they would have him do unto them" under similar circumstances, encourages the jurors to decide the case on the basis of sympathy rather than from an objective review of the evidence, and will ordinarily result in reversal) (citing *Woods v. Burlington N. R.R. Co.,* 768 F.2d 1287, 1292 (11th Cir.1985), *rev'd on other grounds,* 480 U.S. 1 (1987)); *Loose v. Offshore Nav., Inc.*, 670 F.2d 493, 496–97 (5th Cir. 1982) (it was an improper "golden rule" argument which had the effect of appealing to the jury's sympathies, despite the fact that the attorney specifically stated that he was not going to ask the jury to put itself in the place of the plaintiff); *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978), *on reh'g,* 606 F.2d 524 (5th Cir. 1979) (improper "golden rule" argument when the plaintiff's attorney suggested that the jury put

itself in the plaintiffs' position when assessing the issue of damages); *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 713–15 (5th Cir. 1967) (it was an improper argument for the plaintiff's attorney to ask the jury to put itself in the plaintiff's position when awarding damages, but the error was cured in this case by the trial judge's instructions).  For example, such arguments may strike at a juror's sense of financial responsibility and hypothetically requests the jury to consider how much they would wish to receive in a similar situation are improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias, rather than on the evidence.  See, e.g., *Schreidell v. Shoter,* 500 So. 2d 228, 233 (Fla. 3d DCA 1986); *LeRetilley v. Harris*, 354 So. 2d 1213, 1214 (Fla. 4th DCA 1978); *Stewart v. Cook*, 218 So. 2d 491, 494 (Fla. 4th DCA 1969).  Accordingly, such arguments must be precluded from being presented to prospective jurors and the jury during this trial's proceedings.

## Motion No. 2

Defendants' motion *in limine* to exclude argument of counsel making any statement asking the jury to "send a message" to the community or to acts as its conscience.  *Caudle v. D.C.*, 707 F.3d 354, 361 (D.C. Cir. 2013) (citing *Carter v. District of Columbia,* 795 F.2d 116, 138–39 (D.C. Cir.1986); *Royal Caribbean Cruises, Ltd.*, 2014 WL 5312534, at *3; *Neal v. Toyota Motor Corp.*, 823 F. Supp. 939, 943–44 (N.D. Ga. 1993); *see also Airport Rent-A-Car, Inc. v. Lewis*, 701 So. 2d 893 (Fla. 4th DCA 1997); *Blue Grass Shows, Inc. v. Collins*, 614 So. 2d 626 (Fla. 1st DCA 1993).  Such statements or arguments must be precluded under Rule 403 as they would be unfairly prejudicial to Defendants as they would be inflammatory, they would be calculated to bias the jury against Defendants by suggesting that the jury be the 'conscience of the community,' and they would create an improper and impermissible degree of sympathy for Plaintiffs.  *Murphy v. Int'l Robotics Sys., Inc.*, 710 So. 2d 587, 589 (Fla. 4th DCA 1998) *approved sub nom.* 766 So. 2d 1010 (Fla. 2000) (stating that a conscience of the community argument is an "improper or unethical argument").

## Motion No. 3

Defendants' motion *in limine* to exclude any argument of Plaintiffs' counsel akin to a "Reptile Strategy" that is premised on appealing to juror's instincts to return a verdict based on "personal safety" and/or "community safety."  Defendants anticipate that the Plaintiff's counsel will, in *voir dire* and then throughout the course of the trial, attempt to argue to the prospective jurors and jury that they have the power to improve the safety of themselves, their family

members and their community by rendering a verdict that will reduce or eliminate a dangerous conduct, such as that alleged against Defendants in this matter.  This trial tactic is being taught in plaintiff's trial advocacy courses and is based on a book by authors David Ball and Don Keenan ("Reptile Strategy").  David Ball and Don Keenan, *Reptile:  The 2009 Manual of the Plaintiff's Revolution* (1st ed. 2009).  The psychological premise of the Reptile Strategy is that jurors, like all humankind, have brains consisting of various parts, one of which the authors refer to as the "Reptilian Complex."  *Id.*  The authors encourage plaintiff's lawyers to appeal to a juror's own sense of self-protection in order to persuade and prevail since reducing danger in the community facilitates survival, which awakens the reptilian part of the brain in each juror and overcomes his or her logic or emotion.  *Id.* at 45.  By linking each argument in some way to a juror's sense of personal or community safety, the Reptile Strategy gives jurors a compelling, subliminal reason to rule in favor of a plaintiff over a defendant, despite what their logic and the evidence might tell them.  The utilization of Reptile Strategy to impermissibly influence the prospective jurors and jury in this case must be excluded because such arguments: 1) are tantamount to impermissible "Golden Rule" arguments; 2) would undermine the Defendant's rights to due process and a fair trial; and 3) of "personal safety" and "community safety" are irrelevant and, to the extent they are relevant, should nonetheless be excluded because their relevancy is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

First, as discussed above in Motion No. 1, impermissible Golden rule arguments encourage the jury to depart from neutrality and to decide the case on the basis of personal interest and bias, rather than on the evidence.  Reptile Strategy invites the same type of interest and bias.  Although Plaintiffs' counsel may not specifically ask jurors to put themselves in the shoes of Plaintiffs, presenting arguments regarding "personal safety" or "community safety" have the same intent and mischief—that is to have jurors base their deliberations and verdict not on the evidence of the case, but rather on the fear that they or other members of their family or community could be injured.  Accordingly, as nothing more than a veiled Golden Rule argument, Reptile Strategy arguments regarding "personal safety" or "community safety" too should be prohibited.  *Accord St. Cyr v. Flying J Inc.*, No. 3:06CV13-J-33TEM, 2007 WL 2729584, at *3 (M.D. Fla. Sept. 18, 2007) (prohibiting plaintiffs from asserting that the ramifications of the suit will have the purpose of protecting the public, enhancing safety, or other similar remarks).

Second, "[u]nder the due process clause of the Constitution of the United States and of the State of Florida, each and every person is guaranteed a fair and impartial trial." *Castellano v. Travelers Ins. Co.*, 305 So. 2d 268 (Fla. 2d DCA 1974). This holds equally true for civil cases. *Id.* After all, "[t]he ultimate goal of our court system to attain truth and justice demands unremitting vigilance and dedication on the part of both bench and bar to keep every improper influence out of all legal proceedings." *City of Niceville v. Hardy*, 160 So. 2d 535, 538 (Fla. 1st DCA 1964). Reptile Strategy threatens the impartiality of the jury and undermines the Constitutional guarantees of Defendants' right to a fair and impartial trial.

Furthermore, Defendants' liability, if any, would be limited to liability for the damages that Plaintiffs can prove based upon competent and substantial evidence. *Jenkins v. Plaza 3000, Inc.*, 134 So. 3d 1127, 1131–32 (Fla. 4th DCA 2014); *see also Lyon v. Mut. Benefit Health & Acc. Ass'n*, 305 U.S. 484, 492 (1939); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011) *rev'd in part sub nom. State Farm Mut. Auto. Ins. Co. v. Williams*, 563 F. App'x 665 (11th Cir. 2014). "Competent, substantial evidence" is "'such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred' or such evidence as is 'sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.'" *Heifetz v. Dep't of Bus. Regulation*, 475 So. 2d 1277, 1281 (Fla. 1st DCA 1985) (quoting *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957)). By contrast, Defendants cannot be held liable for hypothetical damages to "the community." Inviting the jury to consider how Defendants' alleged conduct violated "personal safety" or "community safety" would be tantamount to asking the jury to award damages for hypothetical wrongs done to others who are not even party to these proceedings. This too would violate Defendants' right to due process.

Arguments concerning "personal safety" and/or "community safety" are not relevant to Plaintiffs' claims; however, even if such an issue is relevant, under Rule 403, it is still inadmissible as—for all of the reasons stated above—the obvious goal of Reptile Strategy is to create unfair prejudice, confuse the issues and mislead the jurors into believing that their verdict will protect themselves, their families and their communities from the threat of harm posed by Defendants. Most respectfully, these types of tactics should not be permitted.

Accordingly, the goal of the Reptile Strategy is to have a subliminal impact upon the minds of the prospective jurors and jury that would create an inherent bias against Defendants.

Such arguments are tantamount to impermissible "Golden Rule" arguments and undermine Defendants' rights to due process and a fair trial.  Moreover, arguments of "personal safety" and "community safety" are irrelevant and, to the extent they are relevant, should nonetheless be excluded because of the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Therefore, this Court must not permit Plaintiffs' counsel to utilize such a strategy.

## Motion No. 4

Defendants' motion *in limine* to exclude anyone eluding to any matter that is not relevant to the case or will/has not be support by the evidence, asserting personal knowledge of the facts, or stating personal opinions regarding the case or the credibility of the witnesses, all of which is contrary to Rule 4-3-4(e) of the Rules Regulating the Florida Bar.  Fed. R. Evid. 402, 701; *Young*, 470 U.S. at 7 & n.3, 26–28 & n.10; *United States v. Fuertes*, 435 F. App'x 802, 807 (11th Cir. 2011) (quoting *United States v. Braithwaite,* 709 F.2d 1450, 1456 (11th Cir.1983) (stating that "it may be error to allow counsel to argue to the jury facts that are not in evidence")); *see Silva v. Nightingale*, 619 So. 2d 4 (Fla. 5th DCA 1993); *Schreier v. Parker*, 415 So. 2d 794 (Fla. 3d DCA 1982); *Pippen v. Latosynski,* 622 So. 2d 566 (Fla. 1st DCA 1993).  Plaintiffs' counsel and witnesses should be excluded from making any reference to evidence not admitted into the record. Where evidence has been excluded as inadmissible, it is improper for counsel to make references to such evidence not admitted. *McWhorter v. City of Birmingham*, 906 F. 2d 674, 676–77 (11th Cir. 1990); *see also Brandt v. Magnificent Quality Florals Corp.*, 2009 WL 899915 (S.D. Fla. Mar. 31, 2009) (finding that defense closing argument which referenced plaintiff's objection to evidence excluded as irrelevant to be highly improper).  Accordingly, counsel in this case should not be permitted to make any reference to evidence that has been excluded from the record because it would be highly improper and could unjustly prejudice the jury.  Furthermore, Defendant's witnesses should not be permitted to make reference to evidence not admitted into the record to avoid unjustly prejudicing, confusing, or misleading the jury.

## Motion No. 5

Defendants' motion *in limine* to exclude Plaintiffs' counsel and witnesses from asking, accusing, arguing, suggesting, or insinuating that anyone, including Defendants' witnesses, is committing perjury, lying, or being liars.  The Eleventh Circuit has determined that it is improper to ask a witness whether he or she is lying or whether another witness is lying.  *United States v. Schmitz*, 634 F.3d 1247, 1268 (11th Cir. 2011).  There are several reasons why this inquiry is

improper: 1) the Federal Rules of Evidence preclude a witness from testifying as to the credibility of other witnesses; 2) questions relating to the credibility of another invade the province of the jury, as such determinations are to be made by the jury, not a testifying witness; 3) were-they-lying questions are unduly prejudicial because they ignore other possible explanations for inconsistent testimony or actions that do not involve a deliberate attempt to deceive; 4) these questions are improperly argumentative. *Id*. at 1268–69.

Moreover, questions about whether another person was lying have little or no probative value because the answer is beyond the personal knowledge of the witness. *Id.*; Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Were-they-lying questions are also not relevant under Federal Rule of Evidence 401 "because one witness's opinion that another person has or has not lied does not make it more or less likely that the person actually lied." *Schmitz*, 634 F.3d at 1269. Nor are the questions relevant to determining the actual issue before this Court. Finally, it is improper for Plaintiffs' counsel to argue during closing argument that a witness or party is lying when no evidence supporting such an inference has been presented at trial. *See Schmitz*, 634 F.3d at 1270; *United States v. Mooney*, 3:11CR7/MCR, 2011 WL 2649991 (N.D. Fla. July 6, 2011), *aff'd,* 470 Fed. Appx. 778 (11th Cir. Apr. 23, 2012). Because there is no admissible evidence to support any argument that Plaintiff may make about a witness's or non-party's credibility, Plaintiffs' counsel and witnesses should be excluded from asking, accusing, or insinuating that anyone is lying or is a liar. *See Schmitz*, 634 F.3d at 1270; *see also Hernandez v. State*, 156 Fla. 356, 365-66, 22 So. 2d 781, 785 (Fla. 1945) (holding that it was improper for an attorney to suggest to a jury that a witness was committing perjury); *Kaas v. Atlas Chem. Co.*, 623 So. 2d 525, 526 (Fla. 3d DCA 1993) (finding fundamental error where plaintiff's counsel repeatedly argued that defense expert witness was a "liar").

## Motion No. 6

Defendants' motion *in limine* preventing the Plaintiffs' counsel from questioning the Defendants' expert or skilled witnesses as to whether they had ever been sued, whether said witness thought he/she had done anything wrong when sued, and/or whether said witness had defended himself/herself in any previous lawsuits. *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161CIV, 2003 WL 25719229, at *1 (S.D. Fla. Dec. 3, 2003) (granting motion *in limine* to preclude evidence or testimony about malpractice or malfeasance claims against defendant as

irrelevant and highly prejudicial); *see also Manhardt v. Tamton*, 832 So. 2d 129, 131–33 (Fla. 2d DCA 2002). Any testimony or evidence regarding the subject disciplinary action is irrelevant and highly prejudicial under the Fed. R. Evid. 401, 402 and 403 and must be precluded from presenting any such evidence or testimony. *Id.*

## Motion No. 7

Defendants' request that Plaintiffs' counsel be precluded from making an impermissible argument or statement reflecting his personal belief in the justness of the cause, the credibility of witnesses, or his personal knowledge of the facts in issue. *S. Gardens Citrus Processing Corp. v. Barnes Richardson & Colburn*, No. 2:11-CV-377-29UAM, 2013 WL 6844869, at *6 (M.D. Fla. Dec. 22, 2013) (precluding counsel from testifying regarding the justness of their client's case or from stating any personal knowledge of facts in issue); *see also Sequin v. Hauser Motor Co.*, 350 So. 2d 1089 (Fla. 4th DCA 1977); *Cohen v. Pollack*, 674 So.2d 805 (Fla. 3d DCA 1996); *Muhammad v. Toys R' Us, Inc.*, 668 So. 2d 254 (Fla. 1st DCA 1996). Courts have long held that an attorney may not express his personal opinion as to the justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *United States v. Young*, 470 U.S. 1, 7 & n.3, 26–28 & n.10 (1985); *Polansky v. CNA Ins. Co.*, 852 F.2d 626, 627–28 (1st Cir. 1988); *Fineman v. Armstrong World Indus.*, 774 F. Supp. 266, 270 (D.N.J. 1991). We therefore request this Court to restrict Plaintiffs' counsel from doing the same.

## Motion No. 8

Defendants' motion *in limine* to exclude evidence of any statement made by or on behalf of the Defendants during Court-Ordered Mediation and any statements relating to any offers to compromise, settle or to allow a judgment to be entered, made by or on behalf of the Defendant in this action. Fed. R. Evid. 408; *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1270–71 (S.D. Fla. 2011) (ordering that parties shall not seek to admit evidence pertaining to settlement negotiations between the parties for the purpose of proving liability for, invalidity of, or amount of a claim, or to impeach through a prior inconsistent statement or contradiction); *see* Fla. Stat. § 44.102(30); *Dade County v. Clarson*; 240 So. 2d 828 (Fla. 3d DCA 1970); *Chabad House-Lubavitch of Palm Beach County, Inc. v. Banks*, 602 So. 2d 670 (Fla. 4th DCA 1992).

## Motion No. 9

Defendants' motion *in limine* to exclude evidence of the existence, terms or condition of any applicable liability insurance inuring to the benefit of the Defendants, and Plaintiffs' counsel

and witnesses from discussing or referencing any insurance policy or related matter in the presence of the jury.  Fed. R. Evid. 411.  Moreover, it is improper to appeal to the jurors' self-interest as insurance policy holders and the unduly prejudicial effect of such testimony.  *Sands v. Kawasaki Motors Corp. U.S.A.*, 513 Fed. Appx. 847, 854 (11th Cir. 2013) (unpublished decision) (evidence of insurance coverage was properly excluded as unfairly prejudicial, and a brief unrelated reference to insurance during cross-examination did not open the door to the evidence); *See, e.g.*, *Roy v. Employers Mut. Cas. Co.*, 368 F.2d 902, 904–05 (5th Cir. 1966) (improper to suggest jury verdict would increase insurance premiums).

## Motion No. 10

Defendants' motion *in limine* to exclude testimony evidence from the accident scene investigator as to any statements or conclusions as to cause of accident.  Florida Statute 316-066 provides, in pertinent and part:

> (7) except as specified in subsection, each crash report made by person involved in a crash and any statement made by such a person to a law enforcement officer for the purpose of completing a crash report required by the section shall be without prejudice to the individuals they are reporting.  Thus such report or statement shall be used as evidence at any trial, civil or criminal.

The privilege applies to statements made by driver, owner, or occupant of the vehicle in connection where the preparation of the crash report.  *McTevia v. Schrag*, 446 So. 2d 1183 (Fla. 4th DCA 1984); *Dwight v. Consolidated Freightways Corporation of Delaware*, 766 So. 2d 1288 (Fla. 1st DCA 2000).  Accordingly, a statement which was made to any of the investigating officers in this matter is privileged and thus inadmissible at trial.

## Motion No. 11

Defendants' motion *in limine* to preclude testimony of Plaintiffs' experts from disparaging the opinions and credibility of Defendants' experts.  *United States v. Beasley,* 72 F.3d 1518, 1528 (11th Cir. 1996); *Royal Caribbean Cruises, Ltd.*, 2014 WL 5312534, at *2 (citing *Schwab v. Tolley,* 345 S.2d 747, 754 (Fla. Dist. Ct. App. 1977)); *United States v. Falcon*, 245 F. Supp. 2d 1239, 1245 (S.D. Fla. 2003) ("It is well-settled in this Circuit that, absent extreme or unusual circumstances, expert scientific testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province in determining credibility."); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-CV-

1757ORLGJK, 2009 WL 6357793, at *24 (M.D. Fla. Jan. 9, 2009) ("An expert can criticize the methodology of another expert, but it is not appropriate for the expert to attack the opposing expert's credibility.").

## Motion No. 12

Defendants' motion *in limine* to exclude Plaintiffs' counsel and experts from discussing alleged regulatory violations relating to Defendants' non-performance of a driving test, failure to complete an employment history, and failure to perform compliance reviews of records and other administrative violations.  It is anticipated that Plaintiffs' counsel and experts will argue that Defendants' errors in complying with Federal Motor Carrier Safety Regulations and documentation should be considered by the jury as evidence of negligence.  Such assertions are irrelevant and defy not only logic but the practicalities of everyday life as one's ability to properly drive a vehicle has no logical correlation to one's ability to properly document each step of a commercial business.  Indeed, Plaintiffs' own trucking expert, Michael Napier, was unable to correlate any of the regulatory violations he noted to the cause of the subject accident.

The violation of a statute or ordinance is not admissible absent a threshold legal determination of a causal connection between the statutory violation and the injury. *See Underwriters at LaConcorde v. Airtech Services, Inc*., 493 So. 2d 428, 431 (Fla. 1986); *see also Brackin v. Boles*, 452 So. 2d 540, 544 (Fla. 1984) (holding that "a violation of a license restriction is not admissible unless there is a causal connection between that violation and the injuries incurred.")  Moreover, to the extent that any such evidence is relevant to this case, such argument and testimony must still be excluded under Rule 403, as such evidence will create a substantial danger of undue prejudice, confusion of issues, and mislead the jury.

## Motion No. 13

Defendants' motion *in limine* to exclude the argument of Plaintiffs' counsel and experts and the presentation or reference to any manual or guideline used in the trucking industry relating to preventable accident counter-measures, and/or any designation of preventable accident as it is anticipated that Plaintiffs' seek to supplant the negligence standard with a much higher "preventability" standard to prove Defendants' liability in this matter.  Defendants' anticipate that Plaintiffs' counsel and experts will seek to use the Commercial Vehicle Preventable Accident Manual ("Manual") published through the Federal Motor Carrier Safety Administration ("FMCSA") (and other like publications) to establish that the accident in

question was preventable, that Defendants was obligated to follow the FMCSA's countermeasures, and that Defendants were negligent or culpable for the accident under this "preventable" accident evaluation standard.  The preventability standard utilized in the industry is in fact a tool for accident investigation, not a measure of liability or fault and do not consider whether the acts or omissions of the driver were reasonable under the circumstances.  Moreover, they are guidelines that do not obligate a motor carrier to implement any safety remedial countermeasures.

The standard of preventability used in the post-accident review and the standard of negligence to determine legal liability are not the same.  In Florida, commercial motor vehicle operators are held to this same standard of ordinary care as other highway users. *Dahlgren v. Muldrow*, No. 106CV00065MPAK, 2008 WL 186641, at *6–7 (N.D. Fla. Jan. 18, 2008) (commercial motor vehicle operator's motion *in limine* granted as its drivers are held to a standard of ordinary due care and not any higher standard); *Jackson v. Reardon,* 392 So. 2d 956 (Fla. 4th DCA 1980) (tractor trailer operator "has a duty to use reasonable care"); *Jacksonville Journal Company v. Gilreath*, 104 So. 2d 865 (Fla. 1st DCA 1958) (truck driver properly "charged with the duty of exercising reasonable care and caution").  The preventability standard is based on whether there was *anything* a driver could have done or not done to avoid an accident, whereas the negligence standard of care is that of a reasonably prudent person under applicable law.  Other federal courts have agreed that such evidence and argument before a jury is impermissible.  *See, e.g.*, *Villalba v. Consol. Freightways Corp. of Delaware*, No. 98 C 5347, 2000 WL 1154073, at *6 (N.D. Ill. Aug. 14, 2000) (excluding the use of such evidence when the standards for determining negligence and those for determining preventability of a trucking accident are different, consideration of non-negligence standards by a jury will result in confusion, "mislead[ing] the jury and result[ing] in a mini-trial regarding the different standards, and the significance of the preventability finding, diverting attention away from the real issue of negligence"; as well as result in impermissible prejudice to the Defendant by leading the jury to decide the issue of negligence by improper reference to the preventability standard).

As the standard for the preventability of accidents is broader than the standard used to determine negligence, any such inference must be excluded.  Under Rule 403 the evidence is likewise inadmissible.  The admissibility of any evidence, argument, or testimony pertaining to a *"preventable accident"* to prove negligence, fault, or culpability on the part of any of the

Defendants is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  More importantly, admission of the preventability standard has the potential of confusing the standards of negligence which a jury must consider in assessing fault. Accordingly, exclusion under Federal Rules of Evidence 403 is warranted.

Furthermore, it is well settled that responsibility for jury instruction on applicable law and its meaning rests solely with the trial court. Accordingly, any discussion by attorneys concerning applicable law prior to the Court's instruction to the jury concerning same is both misleading and confusing to the jury.  *See, e.g.*, *Roberson v. State*, 24 So. 474 (Fla. 1898) (court properly prevented defense counsel from discussing definition of circumstantial evidence in voir dire); *U.S. v. Crockett*, 813 F.2d 1310 (4th Cir. 1987) (court properly prevented defense counsel from arguing to the jury his definition of reasonable doubt in closing argument). Similarly, arguments that misstate the law or suggest that the law should be disregarded in deciding a particular case are improper. *Eberhardt v. State*, 550 So.2d 102 (Fla. lst DCA 1989).  Therefore, any argument or testimony invading the province of the presiding trial judge by invalidly instructing the jury as to points of law, such as the ones here at issue, must be precluded.

## Motion No. 14

Defendants have reason to believe that Plaintiffs' counsel and experts will testify and argue that Mr. Nichols should be held to a higher driving standard than other highway drivers. However, such testimony and assertions are inapposite to Florida law.  In Florida, as in all other jurisdictions in this country, the standard of care in motor vehicle negligence cases is the same for all motor vehicle operators, namely the duty to exercise reasonable care.   Likewise, commercial motor vehicle operators are held to this same standard of ordinary care as other highway users.  *Dahlgren*, 2008 WL 186641, at *6–7 (commercial motor vehicle operator's motion *in limine* granted as its drivers are held to a standard of ordinary due care and not any higher standard); *Reardon,* 392 So. 2d at 956 (tractor trailer operator "has a duty to use reasonable care"); *Gilreath,* 104 So. 2d at 865 (truck driver properly "charged with the duty of exercising reasonable care and caution").   Moreover, argument and testimony regarding a different standard than negligence or the reasonable person standard must be excluded because it is not relevant and to the extent that it is outweighed by the unfair prejudice that would result from such testimony confusing and misleading the jury as to the applicable standards and law of

this case.  Fed. R. Evid. 401, 402, 403.  Accordingly, this Court must prevent any testimony or implication that Mr. Nichols is held to a higher standard of care than any other motorist.

WHEREFORE, Defendants respectfully request that this Court enter an order granting their Motions in Limine and ordering counsel to avoid making the prohibited argument and to inform their clients and each of that party's witnesses to avoid giving any unsolicited testimony on matters limited by the Court's order, and granting such further relief as just and proper.

**Certification Under Local Rule 7.1**

Pursuant to S.D. Local Rule 7.1(a)(3), undersigned counsel for Defendants attempted to confer with counsel for Plaintiffs on this specific matter but was unable to do so.

Date: April 14, 2015

LUKS, SANTANIELLO,
PETRILLO & JONES
*Attorneys for Defendants MX, Inc., &*
*Frank Nichols*
150 W. Flagler Street, Suite 2750
Miami, FL  33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901

By:     /S/ JORGE PADILLA
DANIEL J. SANTANIELLO, B.C.S.
Florida Bar No.: 860948
LUIS MENENDEZ-APONTE
Florida Bar No.:  772771
JORGE PADILLA
Florida Bar No.: 0054517
LUKSMIA-Pleadings@LS-Law.com

**I HEREBY CERTIFY** that I filed the foregoing document with the Clerk of the Court electronically on April 14, 2015.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Jorge Padilla*
JORGE PADILLA

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

*JACOB LUIHN v. MX, INC., STATE FARM, et al.*

**SERVICE LIST**

Daniel J. Rheaume, Esq.
Welt & Rheaume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
pleadings@wrflalaw.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
jennifer@tennesseeaccidentlaw.com

Dorothy Sims, Esq.
Sims & Stakenborg, P.A.
P.O. Box 3188
Ocala, FL 34478-3188
dcs@ocalaw.com

Joseph A. Fried, Esq.
FRIED ROGERS GOLDBERG, LLC
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
joe@frg-law.com
sarah@frg-law.com

NOR-17940M/1565