NOR-17940M/CP 1620 /DJS:jxp

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-21515-GAYLES/TURNOFF

JACOB LUIHN AND
JOHANNA LUIHN,

    Plaintiffs,

v.

MX, INC., *et al.*,

    Defendants.
_____/

### DEFENDANTS MX, INC., AND FRANK NICHOLS'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DR. JOSE GARCON AND ISIS ROTELLA AND EXCLUDING ALL RECORDS

    Defendants MX, INC., and FRANK NICHOLS (collectively, the "Defendants"), by and through undersigned counsel, respectfully submit this Response Memorandum of Law In Opposition to Plaintiffs' Motion to Strike Dr. Jose Garcon and Isis Rotella and Excluding All Records (D.E. 160).  In support, Defendants state as follows:

### Introduction and Procedural History

    This action arises out of a motor vehicle accident that occurred on or about March 13, 2012, involving a vehicle driven by Plaintiff Jacob Luihn, and a tractor trailer driven by Defendant Frank Nichols.  Plaintiff Jacob Luihn is claiming, *inter alia*, that he sustained a traumatic brain injury as a result of the accident.  On or about September 26, 2012, Jose Nadine Garcon, Psy. D., and her assistant/psychometrist, Isis Rotella, evaluated Plaintiff Jacob Luihn in connection with a disability claim that Mr. Luihn made.  Dr. Garcon is affiliated with a medical facility by the name of JNG Health Network ("JNG") and was commissioned by K. Edwards, a Medical Disability Adjudicator with the Office of Disability Determinations, to evaluate Mr. Luihn in connection with Mr. Luihn's disability

claim.  Specifically, to assist Mr. Edwards in his disability determinations, Dr. Garcon and Ms. Rotella, while working for JNG, administered a Memory Test to, and performed a General Clinical Evaluation with Mental Status on, Mr. Luihn.  ***The results of the Memory Test administered to, and the evaluation performed on, Mr. Luihn by Dr. Garcon and Ms. Rotella appear inconsistent with a traumatic brain injury.***  Therefore, Dr. Garcon's and Ms. Rotella's testimony and records are germane and highly probative to the issues in this case.  In fact, on February 20, 2015, the Plaintiffs filed a motion to obtain, *inter alia*, Dr. Garcon's raw data.  See D.E. 100.[1]

On March 13, 2015, the parties proceeded with the deposition of Dr. Garcon, albeit without the benefit of Dr. Garcon's raw data, which had not yet been produced by Dr. Garcon notwithstanding the order dated February 23, 2015.  Interestingly, Plaintiffs' counsel – *for the first time* – objected to Dr. Garcon's deposition on the grounds that, among other things, Dr. Garcon's deposition was improper since Dr. Garcon was a consultant for the Office of Disability Determinations.  *See* Dep. of Dr. Jose Nadine Garcon, 6: 4-22, attached hereto as **Exhibit A**.  During her deposition on March 13, 2015, Dr. Garcon refused to provide her raw data. *Id.* at 11:16-25; 12:1-2.  However, on March 17, 2015, Dr. Garcon provided the parties with her raw data.  The Defendants, therefore, sought leave of Court to complete Dr. Garcon's deposition[2] and take the deposition of Ms. Rotella outside of the discovery cut-off period (i.e., March 30, 2015).

By order dated March 26, 2015, Magistrate William C. Turnoff granted, *inter alia*, Defendants' motion concerning the depositions of Dr. Garcon and Ms. Rotella.  *See.* D.E. 141.  In doing so, Magistrate Turnoff ordered that the aforementioned depositions shall take place by no later than April 8, 2015.[3]  However, on March 31, 2015, counsel for Dr. Garcon and Ms. Rotella filed a motion to quash the subpoenas served on Dr. Garcon and Ms. Rotella and requested that a protective order be entered in connection therewith

---

[1] Plaintiffs' motion to compel Dr. Garcon's raw data was granted by order dated February 23, 2015.  *See* D.E. 102.

[2] The parties were unable to complete Dr. Garcon's deposition on March 13, 2015, due to time constraints on the part of Dr. Garcon.

[3] Present at the hearing that culminated in the March 26 Order was Plaintiffs' counsel, defense counsel, and counsel for Dr. Garcon and Ms. Rotella.

prohibiting Dr. Garcon and Ms. Rotella from having to appear at their depositions, which were scheduled for April 8, 2015 (the "Motion to Quash"). *See* Motion to Quash, D.E. 142. As a result, neither Dr. Garcon nor Ms. Rotella appeared for their duly scheduled depositions on April 8, 2015, although the Motion to Quash had not yet been adjudicated. In support of the Motion to Quash, Dr. Garcon and Ms. Rotella claimed that their depositions should not proceed as scheduled due to the parties' failure to comply with certain federal regulations. *Id.*

On April 14, 2015, Assistant United States Attorney Lawrence N. Rosen entered an appearance in this matter on behalf of the Social Security Administration. On April 16, 2015, at the hearing before Magistrate William C. Turnoff on the Motion to Quash, the Social Security Administration joined in the Motion to Quash. After hearing oral argument from parties as well as counsel for Dr. Garcon and Ms. Rotella, and counsel for the Social Security Administration, Magistrate William C. Turnoff overruled the objections asserted in the Motion to Quash and ordered Dr. Garcon and Ms. Rotella to provide deposition and trial testimony. *See* D.E. 179.

### Plaintiffs' Position as to Dr. Garcon and Ms. Rotella

As a result, Plaintiffs now seek to suppress the testimony and records of Dr. Garcon and Ms. Rotella. As grounds, Plaintiffs argue the following: 1) that Dr. Garcon refused to provider her raw data in spite of an order dated February 23, 2015; 2) that Rule 26 requires the disclosure of raw data used in psychological testing;[4] 3) that Dr. Garcon's has not disclosed the facts or data she considered in forming her opinions by refusing to provide her raw data; 4) that Federal Rule of Civil Procedure 37(c)(1), prevents the Defendants from adducing the expert testimony and records of Dr. Garcon and Ms. Rotella unless the Defendants can show that the failure to provide the facts or data of Dr. Garcon and Ms. Rotella is substantially justified or harmless; 5) that Dr. Garcon's failure to provide her raw data has irrevocably prejudiced the Plaintiffs; and 6) that testing performed at JNG is

---

[4] In support of this proposition, Plaintiffs cite the following cases: *In re Air Crash Near Clarence Center, New York*, No. 09-md-2085, 2013 W.L. 6073635 at *5 (W.D. N.Y. Nov. 18, 2013) (hereinafter referred to as "*Clarence Center*"); *McCumons v. Marougi*, No. 08-11164-BC, 2011 WL 1330807 *3 (E.D. Mich. April 7, 2011).

"unreliable hearsay" because "Dr. Garcon improperly had another person administer the subject testing, who was not properly licensed to administer such tests . . . ." *See* D.E 160, p. 8 of 9.

Plaintiffs' position lacks merit.

## Memorandum of Law

First, contrary to Plaintiffs' representation,[5] on March 17, 2015, Dr. Garcon provided the parties with her raw data. *In fact, during a recent hearing before Magistrate William C. Turnoff, counsel for the Plaintiffs, Joe Fried, acknowledged receiving Dr. Garcon's raw data.* *See* Transcript of Hearing Held on March 26, 2015, attached hereto as **Exhibit B**, 29: 4-5; *see also* correspondence dated March 17, 2015, from Dr. Garcon to the counsel of record enclosing her records, attached hereto as **Exhibit C**.

Second, Plaintiffs' reliance on the *Clarence Center* and *McCumons* is misplaced. At issue in *Clarence Center* was defendants' motion to compel complete and proper discovery responses to interrogatories and requests for production. *In re Crash Near Clarence Center, New York*, No. 09-md-2085, 2013 W.L. 6073635 at *1. Specifically, the defendants in *Clarence Center* were moving to compel from the plaintiff production of, *inter alia*, the psychological testing conducted on the plaintiff by plaintiff's experts. *Id.* at *5. Citing *McCumons*, the *Clarence Center* court held that testing performed in conjunction with a psychological examination is discoverable and that Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires production of raw data. *Id.* Therefore, the only issue before the *Clarence Center* court was the scope of permissible discovery under the Federal Rules of Civil Procedure 26(a)(2)(B),[6] which pertains to retained experts, not the scope of what a party is required to disclose under Rule 26(a)(2)(C), which governs disclosure of non-retained expert witnesses. Stated differently, neither *Clarence Center* nor

---

[5] *See* D.E. 160, p. 3 of 9, ¶ 16 (claiming that "Dr. Garcon has, as of this date, still continued to refuse to comply with the Court's [February 23, 2015] order.").

[6] The same is true of *McCumons*, where the defendants were seeking to exclude the testimony of plaintiff's psychologist on the grounds that plaintiff violated Rule 26(a)(2)(B(ii) by failing to include the psychologist's raw data or test results in plaintiffs' Rule 26(a)(2) report. *See* No. 08-11164-BC, 2011 WL 1330807 at *1. Interestingly, defendant's motion to exclude in *McCumons* was denied in part and granted in part. *Id.* Specifically, the magistrate judge in *McCumons* "issued an order . . . concluding that [plaintiffs' psychologist] should be permitted to testify, but only if she supplements her report with the 'raw data' Defendant first requested eighteen months earlier." *Id.*

*McCumons* stand for the proposition that a party is required to produce an non-retained psychologist's raw data pursuant to Rule 26(a)(2)(C).

Rule 26(a)(2) provides in pertinent part:

**(2) *Disclosure of Expert Testimony.***

**(A)** *In General.*  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other partied the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain the following:

   **(i)** a complete statement of all opinions the witness will express and the basis and reason for them;

   **(ii)** the facts or data considered by the witness in forming them;

   **(iii)** any exhibits that will be used to summarize or support them;

   **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

   **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

   **(vi)** a statement  of the compensation to be paid for the study and testimony in the case.

**(C)** *Witnesses Who Do Not Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

   **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

   **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

. . . .

. . . .

Fed. R. Civ. P. 26(a)(2).

Notably, neither Dr. Garcon nor Isis Rotella is a retained expert, much less one retained by the Defendants. Rather, as noted *supra*, Dr. Garcon, while affiliated with JNG, Dr. Garcon was commissioned by K. Edwards, a Medical Disability Adjudicator with the Office of Disability Determinations, to evaluate Mr. Luihn in connection with his disability claim. Plaintiffs admit as much in their motion. *See* D.E. 160, p. 1, ¶1 ("Dr. Garcon is a psychologist who was retained by the Social Security Administration to examine Plaintiff, Jacob Luihn.").[7] Accordingly, the only disclosure the Defendants were required to make in connection with the subject witnesses is prescribed in Rule 26(a)(2)(C), which, unlike Rule 26(a)(2)(B), only requires a party to 1) identify the subject matter the witness is expected to present under Rule 702, 703, or 705, and 2) provide a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Simply stated, the Defendants *were not* required to provide, as Plaintiffs appear to be claiming, the facts or data considered by the subject witnesses. Instead, Defendants were merely required to provide the information prescribed by Rule 26(a)(2)(C), which Defendants did in their second supplemental Rule 16 expert disclosure. Specifically, with respect to Dr. Garcon, Defendants provided the following disclosure, which satisfies the disclosure requirement of Rule 26(a)(2)(C):

> Jose Nadine Garcon, Psy.D.
> JNG Health Network
> Pembroke Pines, FL 33027
>
> Dr. Garcon is one of the psychologists that evaluated and/or treated Plaintiff Jacob Luihn. Dr. Garcon is not an expert retained or specifically employed to provide expert testimony in this case. Plaintiffs are in possession of Dr. Garcon's medical records, which are attached hereto as **Exhibit B**. Defendants anticipate that Dr. Garcon [will] testify . . . consistent with his records and clinical findings, including behavioral observations, mental status examination, and the

---

[7] Similarly, Plaintiffs do not claim that Ms. Rotella is a retained expert. On the contrary, Plaintiffs admit that Ms. Rotella was the one who administered the subject testing on Mr. Luihn. See D.E. 160. p. 3, ¶21.

> results of the memory and functional capacity tests. Defendants anticipate that Dr. Garcon will further testify as to the necessity for any future treatment, the reasonable cost of future treatment, the lack of work restrictions, if any, and overall ability to work and functional capacity of Plaintiff Jacob Luihn.

*See* D.E. 82, pp. 6-7, ¶¶ 8 9 (emphasis in original).

Third, because the Defendants were not required to produce Dr. Garcon's raw data pursuant to Rule 26(a)(2)(C), Plaintiffs' reliance on Federal Rule of Civil Procedure 37(c) is also misplaced.[8] Furthermore, and very significantly, Defendants were not in possession of Dr. Garcon's raw data until approximately March 17, 2015, when Dr. Garcon provided her raw data to not only Defendants' counsel but also Plaintiffs' counsel. Therefore, if Rule 26(a)(2)(C) required Defendants to produce Dr. Garcon's raw data, which is not the case, Defendants were in no position to produce the subject data, as Dr. Garcon did not produce the data until March 17, 2015, in spite of a court order dated February 23, 2015, requiring her to do so.[9]

Furthermore, by order dated April 17, 2015, Magistrate William C. Turnoff ordered Dr. Garcon and Ms. Rotella to provide deposition and trial testimony. *See* D.E. 179; *see also* Transcript of Hearing held on April 16, 2015, attached hereto as **Exhibit D**. In doing so, Magistrate William C. Turnoff overruled the objections asserted on behalf of Dr. Garcon and Ms. Rotella in their Motion to Quash, (D.E. 142), which the Social Security Administration adopted during its appearance at the hearing that culminated in the April 17 order. Therefore, Plaintiffs will have an opportunity to take the depositions of Dr. Garcon and Ms. Rotella prior to trial.[10] Moreover, it bears noting that Plaintiffs never saw fit to seek

---

[8] Rule 37(c)(1) provides in pertinent part:

> **(c) Failure to Disclose, to Supplement and Earlier Response, or to Admit.**
>
> **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. . . . .

Fed. R. Civ. P. 37(c)(1).

[9] *See* D.E. 102.

[10] Indeed, Dr. Garcon and Ms. Rotella have agreed to appear for deposition on May 1, 2015.

relief from this Court in connection with Dr. Garcon's alleged failure to provide her raw data in violation of the February 23 order, choosing instead to strike the testimony of Dr. Garcon and Ms. Rotella and to exclude all of their records presumably because such evidence is unfavorable to Plaintiffs.

In sum, even if Rule 26(a)(2)(C) could reasonably be construed as requiring Defendants to disclose Dr. Garcon's raw data, any such failure on the part of the Defendants should be deemed both substantially justified and harmless.

Finally, the contention that the testing performed at JNG is "unreliable hearsay" because "Dr. Garcon improperly had another person administer the subject testing, who was not properly licensed to administer such tests"[11] also lacks merit.

The records of Dr. Garcon and Ms. Rotella are admissible under Federal Rule of Evidence 803.[12]  Furthermore, the use of neuropsychology technicians (a/k/a 'technicians, psychometrists, psychometricans and psychological assistants) is considered a time-honored practice and "has been considered an established standard of practice in the field of clinical neuropsychology for more than three decades.  *See* Official Stmt. of the Nat'l. Academy of Neuropsychology: The Use of Neuropsychology Test Technicians in Clinical Practice, Archives of Clinical Neuropsychology, Vol. 15, pp. 381-382, (2000) (citations omitted).  Indeed, the National Academy of Neuropsychology ("NAN") is of the opinion that "[t]he use of neuropsychology technicians helps maintain objectivity of data collection and minimizes potential for bias associated clinical judgment. *Id.*  Furthermore, according to NAN, "[t]his practice maintains reliability and validity of test administration. *Id.*

## Conclusion

For the reasons and upon the authorities cited herein, Plaintiffs' Motion to Strike Dr. Jose Garcon and Isis Rotella and Excluding All Records (D.E. 160) should be denied.

---

[11] *See* D.E 160, p. 8 of 9.

[12] In this regard, the response memorandum may have to be supplemented upon the completion of the depositions of Dr. Garcon and Ms. Rotella.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Date: April 30, 2015

Respectfully submitted,

LUKS, SANTANIELLO,
PETRILLO & JONES
*Attorneys for Defendants MX, Inc., &*
*Frank Nichols*
150 W. Flagler Street, Suite 2750
Miami, FL  33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901


By:     /S/ JORGE PADILLA
      DANIEL J. SANTANIELLO, B.C.S.
      Florida Bar No.: 860948
      LUIS MENENDEZ-APONTE
      Florida Bar No.:  772771
      JORGE PADILLA
      Florida Bar No.: 0054517
      LUKSMIA-Pleadings@LS-Law.com

**I HEREBY CERTIFY** that I filed the foregoing document with the Clerk of the Court electronically on April 30, 2015. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Jorge Padilla*
JORGE PADILLA

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### *JACOB LUIHN v. MX, INC., STATE FARM, et al.*

## SERVICE LIST

Daniel J. Rheaume, Esq.
Welt & Rheaume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
pleadings@wrflalaw.com

Dorothy Sims, Esq.
Sims & Stakenborg, P.A.
P.O. Box 3188
Ocala, FL 34478-3188
dcs@ocalaw.com

Rachel Turner Davant, Esq.
Billing, Cochran, Lyles, Mauro
& Ramsey, P.A.
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, FL 33301
rtd@bclmr.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
jennifer@tennesseeaccidentlaw.com

Joseph A. Fried, Esq.
FRIED ROGERS GOLDBERG, LLC
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
joe@frg-law.com
sarah@frg-law.com

Lawrence N. Rosen, Esq.
Assistant United States Attorney
99 NE 4th Street, Suite 300
Miami, FL  33132
Larry.Rosen@usdoj.gov