**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER: 14-CV-21515-GAYLES/TURNOFF**

JACOB LUIHN and
JOHANNA LUIHN,

      Plaintiffs,

v.

MX, INC., *et al.*,

      Defendants.

_____/

## CONSOLIDATED PRETRIAL STIPULATION

### TABLE OF CONTENTS

I. STATEMENT OF THE CASE ........................................................................................

    A. Plaintiffs' Statement ........................................................................
    B. Defendants' Statement ................................................................

II. BASIS FOR FEDERAL JURISDICTION .........................................................................

III. PLEADINGS .............................................................................................................

IV. UNDISPOSED-OF MOTIONS ...................................................................................

V. STATEMENT OF UNCONTESTED FACTS ...................................................................

VI. STATEMENT OF CONTESTED FACTS .......................................................................

VII. AGREED-UPON STATEMENTS OF LAW ...................................................................

VIII. CONTESTED ISSUES OF LAW ...............................................................................

IX. TRIAL EXHIBITS.....................................................................................................

    A. Plaintiffs' Exhibit List ...............................................................
    B. Defendants' Exhibit List ...............................................................

1

X. WITNESSES...................................................................................................................

    A. Plaintiffs' Witness List ................................................................................
    1. Will Call ...................................................................................................
    2. May Call...................................................................................................

    B. Defendants' Witness List ...........................................................................
    1. Will Call ...................................................................................................
    2. May Call...................................................................................................

XI. ESTIMATED TRIAL TIME ........................................................................................

XII. ATTORNEYS FEES .....................................................................................................

Pursuant to the Court's Scheduling Order, as amended, [DE 270] and Local Rule 16.1(e),

Defendants MX, Inc., and Frank Nichols hereby stipulate as follows:

## I.    STATEMENT OF THE CASE

## PLAINTIFFS' STATEMENT

This is a personal injury case stemming from a March 13, 2012 collision involving a

tractor trailer, owned by MX, INC. and operated by Frank Nichols, and a vehicle operated by

Plaintiff Jacob Luihn. The collision occurred at the intersection of US 27 and NW 121st Way, in

Miami-Dade County, Florida. Frank Nichols ran a red light in making a left hand turn, Jacob

Luihn was approaching the intersection and had a green light. Jacob Luihn did not have enough

time to safely stop his vehicle and crashed into the trailer of MX, INC.'s vehicle. The crash left

Jacob Luihn with serious, permanent, life changing injuries including a brain injury.

Plaintiffs maintain that Mr. Nichols was negligent in operating the tractor-trailer and that

his negligence caused the crash and Mr. Luihn's injuries.  Plaintiffs also maintain that MX, INC.,

is both vicariously liable for the negligent actions of Mr. Nichols, and independently liable for its

own negligence in hiring, training, supervising and retaining Mr. Nichols as a driver.  Defendants

deny all contentions of negligence and maintain that the crash is entirely the fault of Jacob Luihn.

Plaintiffs seek damages for past and future medical bills, future attendant care costs, past and future lost wages, past and future pain and suffering and past and future loss of consortium, as well as punitive damages.

### **DEFENDANTS' STATEMENT**

This is a personal injury case stemming from a March 13, 2012 collision involving a tractor trailer operated by Frank Nichols on behalf of MX, Inc., and a vehicle operated by Plaintiff Jacob Luihn. The collision occurred at the intersection of US 27 and NW 121st Way, in Miami-Dade County, Florida. Frank Nichols was making a left hand turn on a green light as Plaintiff Jacob Luihn was approaching the intersection. Jacob Luihn crashed into the trailer of MX, INC.'s vehicle.

The Plaintiffs claim that Mr. Nichols was negligent in operating the tractor-trailer and that his negligence caused the crash and Mr. Luihn's injuries. Plaintiffs also maintain that MX, INC. is both vicariously liable for the negligent actions of Mr. Nichols, and independently liable for its own negligence in hiring, training, supervising and retaining Mr. Nichols as a driver. Defendants deny all contentions of negligence and maintain that the crash is entirely the fault of Plaintiff Jacob Luihn.

Plaintiffs seek damages for past and future medical bills, future attendant care costs, past and future lost wages, past and future pain and suffering and past and future loss of consortium, as well as punitive damages.

## II.   BASIS FOR FEDERAL JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between plaintiffs who are citizens of the State Florida and defendants who are all citizens of other states, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

## III.   PLEADINGS

The pleadings raising the issues in this action include Plaintiffs' Amended Complaint [DE 1-2], which was originally filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-County, Florida on April 15, 2014.  Defendants MX, INC., and Frank Nichols filed their Answer in Circuit Court on April 16, 2014.

## IV.   UNDISPOSED-OF MOTIONS

All pre-trial motions that were not adjudicated on May 8, 2015.

## V.   STATEMENT OF UNCONTESTED FACTS

The following is a concise statement of the proposed facts that Defendants believe will require no proof at trial and will become part of the evidentiary records in this case:

**As to Frank Nichols:**

1.     Frank Nichols was a professional driver on the date and time of the wreck (Nichols RFA – 8/15/14);

2.     On March 13, 2012, Frank Nichols was the driver of the tractor-trailer involved in the wreck (Nichols RFA – 8/15/14);

3.     Frank Nichols was involved in interstate transport at the time of the wreck (Nichols RFA – 8/15/14);

**As to MX INC.:**

1.      At all times relevant to this action, Defendant MX, INC. is an interstate motor carrier (MX, INC. Supplemental RFA - 8/15/14);

2.      The DOT number on the Tractor-Trailer involved in the wreck is 1220244 (MX, INC. Supplemental R4A – 8/15/14);

**As to Luihns:**

1.      Plaintiff Jacob Luihn was a member of the public;

2.      Plaintiff Jacob Luihn's air bag deployed;

**As to Date of Crash:**

1.      The wreck between the parties occurred on March 13, 2012, at approximately 4:15PM.

2.      On or about March 13, 2012, the Plaintiff Jacob Luihn was driving a motor vehicle on US 27 at or near its intersection with NW 121st Way in Miami-Dade County, Florida (Nichols RFA – 8/15/14);

3.      On March 13, 2012, Defendant Frank Nichols was driving an MX, INC. tractor trailer and made a left turn onto US 27N.

**VI.     STATEMENT OF CONTESTED FACTS**

1.      Who ran the red light;

2.      Whether Frank Nichols was negligent;

3.      Whether Frank Nichols was negligent as alleged in the Amended Complaint;

4.      Whether Nichols violated Florida law, Federal Motor Carrier Safety Regulations, and/or industry standards in connection with his operation of the tractor trailer leading up to the crash.

5.      Whether Frank Nichols's negligence, if any, was a legal cause of the injuries and damages claimed by Plaintiffs Jacob and/or Johanna Luihn;

6.      Whether Defendant MX, INC. is vicariously liable for Frank Nichol's negligent conduct.

7.      Whether MX, Inc. was negligent as alleged in the Amended Complaint;

8.      Whether MX, Inc. complied with the Federal Motor Carrier Safety Regulations and related industry standards in its hiring, qualification, supervision and retention of Nichols as commercial driver.

9.       Whether MX, Inc. was negligent in hiring and/or contracting Frank Nichols;

10.      Whether MX, Inc. was negligent in training Frank Nichols in the inspection of the tractor-trailer;

11.      Whether MX, Inc. was negligent in failing to teach Frank Nichols to properly drive the tractor-trailer;

12.      Whether MX, Inc. was negligent in entrusting Frank Nichols to drive a tractor-trailer professionally;

13.      Whether MX, Inc. was negligent in retaining Frank Nichols to drive the tractor-trailer;

14.      Whether MX, Inc. was failed to conduct proper and required background checks of its employee, agent and/or contractor Frank Nichols;

15.     Whether MX, Inc. failed to supervise its employee, agent and/or contractor Frank Nichols;

16.     Whether MX, Inc. was negligent in dispatching and/or routing , which induced or encouraged hazardous and irresponsible operation of  its vehicles by employees and operators such as Frank Nichols or, alternatively, failing to enforce policies to prevent drivers from engaging in such practices;

17.     Whether MX, Inc., failed to exercise ordinary care to determine its employees', agents', and/or contractors' fitness for the task of driving a commercial vehicle interstate, thereby amounting to negligence.

18.     Whether MX, Inc. negligently maintained the tractor-trailer;

19.     Whether MX, Inc.'s negligence, if any, was a legal cause of the injuries and damages claimed by Plaintiff Jacob and/or Johanna Luihn;

20.     Whether Plaintiff Jacob Luihn sustained a permanent traumatic brain injury as a result of the accident;

21.     Whether Plaintiff Jacob Luihn has suffered any permanent neurological injuries as a result of the accident;

22.     Whether Plaintiff Jacob Luihn was negligent;

23.     Whether Plaintiff Jacob Luihn's negligence was a legal cause of his claimed injuries and damages.

24.     Whether Plaintiff Jacob Luihn's negligence was a legal cause of Plaintiff Johanna Luihn's claimed damages;

25.     The degree and amount of damages, if any, that Plaintiffs sustained as a result of the accident.

26.     All negligence per se claims against Frank Nichols;

27.     All negligence per se claims against MX, Inc.;

28.     Whether and to what degree punitive damages should be imposed on either or both Defendants.

## VII.   AGREED-UPON STATEMENTS OF LAW

The following is a concise statement of issues of law on which there is agreement:

1.     Florida traffic laws apply to all drivers in this case.

## VIII.  CONTESTED ISSUES OF LAW

The following is a concise statement of issues of law on which there is no agreement:

1.     Whether MX, INC. was negligent in hiring and/or contracting with FRANK NICHOLS to drive the tractor-trailer at issue.

2.     Whether MX, INC. was negligent in training of FRANK NICHOLS in the inspection of the tractor-trailer.

3.     Whether MX, INC. was negligent in entrusting FRANK NICHOLS to drive a truck professionally.

4.     Whether MX, INC. was negligent in retaining FRANK NICHOLS to drive the tractor-trailer at issue.

5.     Whether MX, INC. negligent in failing to properly qualify FRANK NICHOLS and/or allowing FRANK NICHOLS to drive a commercial motor vehicle when he was not properly qualified to do so.

6.     Whether MX, INC. was negligent in failing to properly supervise FRANK NICHOLS.

7.     Whether MX, INC. was negligent in failing to adhere to Federal Motor Carrier Safety Regulations and related industry standards.

8.     Whether MX, INC. is vicariously liable for the negligent conduct of FRANK NICHOLS.

9.     Whether as a direct and proximate result of Defendant, MX, INC.'s negligence, separately or combined with the other negligent acts of the Defendants, JACOB LUIHN was injured, and these injuries resulted in both economic and non-economic damage.

10.    Whether FRANK NICHOLS failed to exercise due care while operating his vehicle.

11.    Whether FRANK NICHOLS was driving the tractor-trailer in a careless, negligent, and dangerous manner.

12.    Whether FRANK NICHOLS ran the red light.

13.    Whether at the time of the collision, FRANK NICHOLS failed to exercise due care by driving the tractor-trailer carelessly and erratically, failing to observe the road ahead, having faulty brakes, driving in a reckless manner, and disregarding the actual and potential hazards then existing.

14.    Whether at the time and place of this accident, FRANK NICHOLS was negligent *per se* in that he was violating one or more of the statutes of the State of Florida to include but not be limited to:

a.     FLORIDA STATUTE § **316.075**          **Traffic control signal devices**

b.     FLORIDA STATUTE § **316.074**          **Obedience to traffic control devices**

c.     FLORIDA STATUTE § **316.155**          **When signal required**

9

|     |                           |                          |
| --- | ------------------------- | ------------------------ |
| d.  | FLORIDA STATUTE § **316.192** | **Reckless driving** |
| e.  | FLORIDA STATUTE § **316.1923** | **Aggressive careless driving** |
| f.  | FLORIDA STATUTE §**316.1925** | **Careless driving** |
| g.  | FLORIDA STATUTE §**316.263** | **Maintenance of brakes.** |
| h.  | FLORIDA STATUTE § **316.271** | **Horns and warning devices** |

15.    Whether  MX, INC. and FRANK NICHOLS were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by Florida Statute § 316.302  Commercial motor vehicles; safety regulations; transporters and shippers of hazardous materials; enforcement at the time and date of the collision.

16.    Whether Frank Nichols and MX, INC. will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

|     |       |                                              |
| --- | ----- | -------------------------------------------- |
| a.  | §383  | Commercial Drivers License Standards         |
| b.  | §390  | General                                      |
| c.  | §391  | Qualifications of Drivers                    |
| d.  | §392  | Driving of Commercial Motor Vehicles         |
| e.  | §393  | Parts and Accessories Necessary for Safe Operation |
| f.  | §395  | Hours of Service                             |
| g.  | §396  | Inspections, Repairs, and Maintenances       |

17.    Whether at all times material hereto, JOHANNA LUIHN, was the lawful wife of JACOB LUIHN.

18.    Whether as such, Jacob's wife, JOHANNA LUIHN, is entitled to the services, society, companionship and affections of her husband, and as a direct and proximate

result of the aforesaid negligence and carelessness of the Defendant, MX, INC. and she was deprived of the services, society, companionship and affections of her husband, JACOB LUIHN.

19.     Whether and to what degree, as a result of the negligence and statutory violations of the Defendants:

        a.     Jacob Luihn suffered injuries and damages; and

        b.     Johanna Luihn suffered loss of consortium damages.

20.     Amount of damages due to Jacob Luihn

21.     Whether and to what degree punitive damages should be imposed on either or both defendants.

22.     Whether Plaintiff Jacob Luihn sustained a permanent traumatic brain injury as a result of the accident;

23.     Whether Plaintiff Jacob Luihn has suffered any permanent neurological injuries as a result of the accident;

25.     Whether Plaintiff Jacob Luihn was negligent;

26.     Whether Plaintiff Jacob Luihn's negligence was a legal cause of his claimed injuries and damages.

27.     Whether Plaintiff Jacob Luihn's negligence was a legal cause of Plaintiff Johanna Luihn's claimed damages;

28.     The degree and amount of damages, if any, that Plaintiffs sustained as a result of the accident.

29.     All negligence per se claims against Frank Nichols;

30.     All negligence per se claims against MX, Inc.;

31. Whether and to what degree punitive damages should be imposed on either or both Defendants.

32. All contested legal matters raised by the pleading and the parties' motions.

## IX. TRIAL EXHIBITS

Plaintiffs numbered list of trial exhibits that it expects to offer or may offer if the need arises, are attached as **Exhibit A**.

Defendants' numbered list of trial exhibits that it expects to offer or may offer if the need arises, are attached as **Exhibit B**.

The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (i.e., a waiver of any applicable objection).

The Parties have worked to meet and confer to discuss and reach agreement upon the admissibility and/or resolution of outstanding objections to the trial exhibits identified by each in this case, in an effort to reduce the number of objections at trial.

The parties stipulate records custodians are not necessary at trial to establish the evidentiary predicate that records subpoenaed from non-parties are authentic and kept in the regular course of business. However, both parties reserve the right to dispute the admissibility of the records and all substantive objections are preserved. Finally, the Court has yet to rule on a number of Motions in Limine, which may affect the admissibility of certain exhibits or categories of exhibits.

If necessary, the Parties will update their respective exhibit lists and will provide the same to each other on or before the calendar call. The Parties reserve the right to object to the admissibility of any evidence offered by the opposing party at the time such evidence is offered. Subject to the Court's permission, the Parties may supplement their respective exhibit lists.

The Parties request that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

## X.      WITNESSES

### A.      PLAINTIFFS' WITNESS LIST

#### 1.      WILL CALL

Johanna Luihn
4111 NW 165 Street
Miami, Florida 33054

#### 2.      MAY CALL

Don Martin
MX, INC.
2039 Holly Creek Cool Springs Road
Chatsworth, Georgia 30705

Frank Nichols
3635 Scott Brown Road SE
Fairmount, Georgia 30139

Nicholas D.A. Suite, MD
Neurology, Diagnosis & Solutions, INC.
2525 Embassy Drive, Suite 7
Davie, Florida 33026

Victor Luihn
4040 North Hills Drive
Apartment #8
Hollywood, Florida 33021

Jacob Luihn
4111 NW 165 Street
Miami, Florida 33054
Jinez Luihn
4111 NW 165 Street
Miami, Florida 33054

Leopoldina Noguera
16940 NW 40th Ave.
Miami Gardens, Florida 33055

Iris Santos
16425 NW 41st Ave.
Miami Gardens, Florida 33055

Lazaro Guillermo Boffil
620 SW 65th Avenue
Miami, Florida 33144

Andrew T. Walker, MD
Beaches MRI
10377 S. Federal Highway
Port St. Lucie, Florida 3492

Michael Napier
Napier Diversified Services, INC.
530 Forest Hill Road, Suite D
Macon, Georgia 31210

Thomas Langley
Thomas Langley & Company
417 Falling Water Avenue
Woodstock, Georgia

Gerri Pennachio
Counseling and Rehabilitation Associates
P.O. Box 8738
Lakeland, Florida 33806

Michael Allen Greene
1063 SW 122nd Avenue
Pembroke Pines, Florida 33025

Mark Shaunaman
International Union Operating Engineer
Local Union No. 487
1425 NW 36th Street
Miami, Florida

Roger Abbott
R.W. Harris
12970 NW 113th Court
Miami, Florida 33178

Brenda Mulder
3903 Northdale Blvd
Suite 112 NW
Tampa, Florida 33624

Officer Y.J. Acevedo
Florida Highway Patrol – Troop E
1011 NW 111th Avenue
Miami, Florida 33172

Bruce S. Fletcher, MD
Northwest Broward Orthopaedics
5901 Colonial Drive, Suite 201
Margate, Florida 33063

Alex Alonso, MD
Stand Up MRI of Miami
1661 SW 37th Avenue, Suite 100
Miami, Florida 33145

Dr. Anthony J. Dorto
203 Center, Suite 116
2627 NE 203rd Street
Miami, Florida 33180

Alejandro J. Arias, Psy.D
Psychological & Neurobehavioral Associates, INC.
P.O. Box 278455
Miramar, Florida 33027

Marc Engel, MD
MRI Scan & Imaging
3122 East Commercial Boulevard
Ft. Lauderdale, Florida 33308

Dr. Robert L. Kagan
3122 East Commercial Boulevard
Fort Lauderdale, Florida 33308

Wayne Carvalho, RN
c/o Kendall Regional Medical Center
11750 SW 40th Street
Miami, Florida 33175

Lt. Christopher Ackerman
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

David Guerra, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Captain Raymond Austin
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Dr. Matthew G. Clarke
Kendall Regional Medical Center
11760 Bird Road, Suite 722
Miami, Florida 33175

Dr. Ricardo Castrellon
6200 Sunset Drive, Suite 402
South Miami, Florida 33143

Dr. Mark Cockburn
Kendall Regional Medical Center
11750 SW 40th Street
Miami, Florida 33175

Any witness required to authenticate any document or thing.

Any witness offered for rebuttal.

Any witness identified by Defendants.

**B.     DEFENDANTS' WITNESS LIST**

1.     <u>WILL CALL</u>

Jacob Luihn
4111 NW 165 Street
Miami, Florida 33054

Johanna Luihn
4111 NW 165 Street
Miami, Florida 33054

Anthony Dorto, M.D.
Disability Assessment Center, P.A.
2627 NE 203rd Street, Ste. 110
Miami, FL 33180-1900

Kenneth L. Jarolem, M.D
600 S. Pine Island Rd., Suite 300
Plantation, FL 33324

Sally L. Kolitz Russell, Ph.D.
9350 S. Dixie Highway, Suite 1260

Ray Lopez, M.D.
6200 Sunset Drive, Suite 305
Miami, FL 33143

Charles Proctor, P.E.
P.O. Box 1559
Alachua, FL 32616

Jose Nadine Garcon, Psy. D.
Executive Director/Supervising Psychologist
JNG Health Network
1133 SW 167 Ave.
Pembroke Pines, FL 33027

Isis Rotella, M.S., M.F.T.
Mental Health Evaluator
JNG Health Network
1133 SW 167 Ave.
Pembroke Pines, FL 33027

2.    MAY CALL

Victor Luihn
4040 North Hills Drive
Apt. #8
Hollywood, FL 33021

Leopoldina Noguera
16940 NW 40th Avenue
Miami Gardens, FL 33055
Iris Santos
16425 NW 41st Avenue
Miami Gardens, FL 33054

Officer Y. J. Acevedo
Florida Highway Patrol – Troop E
1011 NW 111th Avenue
Miami, FL 33172

Lazaro Guillermo Boffil
620 SW 65th Avenue
Miami, FL 33144

Jose J. Del Pino
American Towing
9180 NW 119th Street, Bay #10
Hialeah Gardens, Florida 33018

Records Custodian
Miami-Dade Fire Rescue
9300 NW 41st Street
Miami, FL 33178

Lieutenant Mitchell L. Perlstein, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

James L. Hall, EMT
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Jose R. Lainez, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Daniel P. Hopler, EMT
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Captain Raymond Austin, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Jesus J. Castillo, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Alvin M. Zacarias
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Lieutenant Christopher A. Ackerman, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

David Guerra, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Christopher G. Debs, EMT
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

David C. Pontiff, Paramedic
Miami-Dade Fire Rescue
9300 NW 41st Street
Doral, Florida 33178

Records Custodian
Kendal Regional Medical Center
11750 Bird Road
Miami, FL 33175

Records Custodian
Stand Up MRI of Miami
1661 SW 37th Avenue
Miami, FL 33145

Alex Alonso, M.D.
Stand Up MRI of Miami
1661 SW 37th Avenue, Suite 100
Miami, FL 33145

Records Custodian
Coventry Health Plan of Florida, Inc.
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

Mark Cockburn, M.D.
1760 Bird Road, Suite 722
Miami, FL 33175

Mark Cockburn, M.D.
Kendall Regional Medical Center
11750 SW 40th Street
Miami, FL 33175

Matthew G. Clarke, M.D.
11760 Bird Road, Suite 722
Miami, FL 33175

Ricardo Castrellon, M.D.
6200 Sunset Drive, Suite 402
South Miami, FL 33143

Records Custodian
Northwest Broward Orthopaedics
5901 Colonial Drive, Suite 201
Margate, FL 33063

Bruce S. Fletcher, M.D.
Northwest Broward Orthopaedics
5901 Colonial Drive, Suite 201
Margate, FL 33063

Records Custodian
Universal Arts Compounding Pharmacy
6500 W. 4th Avenue, Suite 4
Hialeah, FL 33012

Dr. Barry Cutler
Sunrise Medical Group, Inc.
3540 N. Pine Island Rd.
Sunrise, FL 33351

Records Custodian
Sunrise Medical Group, Inc.
3540 N. Pine Island Rd.
Sunrise, FL 33351

Nicholas D. A. Suite, M.D.
2525 Embassy Drive, Suite 7
Davie, FL 33026

Alejandro J. Arias, Psy.D.
Psychological & Neurobehavioral Associates, P.A.
P.O. Box 278455
Miramar, FL 33027
Records Custodian

Psychological & Neurobehavioral Associates, P.A.
9370 SW 72nd Street
Suite A-240
Miami, FL 33173

Aaron Patz, D.C.
South Florida Pain & Rehab of Hialeah
2387 W 68th Street, #202
Hialeah, FL 33016

Michael C. White, D.C.
South Florida Pain & Rehab of Hialeah
2387 SW 68th Street, #202
Hialeah, FL 33016

Joel Shoemaker, D.C.
South Florida Pain & Rehab of Hialeah
2387 SW 68th Street, #202
Hialeah, FL 33016

Records Custodian
South Florida Pain & Rehab of Hialeah
2387 SW 68th Street, #202
Hialeah, FL 33016

Roger Abbott
R.W. Harris
12970 NW 113th Court
Miami, FL 33178

Mark Shaunaman, Business Manager
International Union Operating Engineers
Local Union No. 487
1425 NW 36th Street
Miami, FL

Frank Ira, Chief of Traffic Signals and Signs
Miami Dade County
Public Works & Waste Management Department
Traffic Signals & Signs Division
7100 NW 36 Street
Miami, FL 33166

Records Custodian
MRI Scan & Imaging
3122 East Commercial Boulevard
Ft. Lauderdale, FL 33308

Marc Engel, M.D.
MRI Scan & Imaging
3122 East Commercial Boulevard
Ft. Lauderdale, FL 33308

Robert L. Kagan, M.D.
MRI Scan & Imaging
3122 East Commercial Boulevard
Ft. Lauderdale, FL 33308

Brian Zalis, M.D.
7150 W 20th Avenue, #315
Hialeah, FL 33016

Records Custodian
Beaches MRI Port St. Lucie
10377 S. Federal Highway
Port St. Lucie, FL 34952

Andrew T. Walker, M.D.
Beaches MRI
10377 S. Federal Highway
Port St. Lucie, FL 34952

Records Custodian
Memorial Hospital West
703 N. Flamingo Road
Pembroke Pines, FL 33028

Richard Koby, M.D.
7150 W 20th Avenue, #102
Hialeah, FL 33016

Records Custodian
Palmetto General Hospital
2001 West 68th Street
Hialeah, FL 33016

Records Custodian
Neurology Associates Group
152 NE 167th Street, Suite 200
Miami, FL 33162
Records Custodian
Neurology Diagnosis & Applied Solutions
2525 Embassy Drive, Suite 7
Davie, FL 33026

Records Custodian
AW Harris
12970 NW 113 Ct.
Medley, FL 33175

Don Martin
MX, Inc.
2039 Holly Creek Cool Springs Road
Chatsworth, GA 30705

Frank Nichols
247 Road 3 South SW
Cartersville, GA 30120

Records Custodian
The Rawlings Co.
One Eden Pkwy.
LaGrange, KY 400031

Gerard A. Andrews
Crispin Special Investigations, Inc.
707 N.E. 3rd Avenue, Suite 101
Ft. Lauderdale, FL 33304

Jeffrey D. Atkinson
Crispin Special Investigations, Inc.
707 N.E. 3rd Avenue, Suite 101
Ft. Lauderdale, FL 33304

Jeremy S. Hall
Shannon Investigations, Inc.
P.O. Box 15945
Plantation, FL 33318

Thomas Langley
Thomas Langley & Company
417 Falling Water Ave.
Woodstock , GA 30189

Nicholas D. A. Suite, M.D.
Neurology, Diagnosis & Solutions, Inc.
2525 Embassy Drive, Suite 7
Davie, FL 33026

Alejandro J. Arias, Psy.D.
Psychological & Neurobehavioral Assoc. Inc.
P.O. Box 278455
Miramar, Florida 33027

Records Custodian
Psychological & Neurobehavioral Assoc. Inc.
P.O. Box 278455
Miramar, Florida 33027

Michael K. Napier, Sr.
Napier Diversified Services, Inc.
530 Forrest Hill Road, Suite D
Macon, GA 31210

Gerri Pennachio
Counseling and Rehabilitation Associates
P.O. Box 8738
Lakeland, FL 33806

Brenda Mulder
Brenda Mulder Economists, Inc.
3903 Northdale Blvd. Suite 112W
Tampa, FL 33624

Records Custodian
State Farm Insurance
7401 Cypress Gardens Blvd.
Winter Haven, FL 33888

## XI.    ESTIMATED TRIAL TIME

This case is presently set for trial during the two-week period commencing July 27, 2015

[DE 266].  Plaintiffs believe the trial can be concluded in five (5) to seven (7) days.  Defendants

MX, Inc., and Frank Nichols believe the trial can be concluded in fourteen (14) days.

## XII.    ATTORNEYS FEES

The Defendants reserve the right to seek attorneys' fees pursuant to Fed. R. Civ. P. 54(d)

and other applicable law.  Any issues relating to amount and reasonableness of attorneys' fees

shall be heard and determined by the Court post-trial.

Respectfully submitted, this 15th day of June 2015.

**FRIED ROGERS GOLDBERG, LLC**

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
Florida Bar No. 0040850
*Attorney for Plaintiffs*

3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone:  (404) 591-1800
Telecopier:  (404) 574-6247
joe@frg-law.com

**WELT & RHEAUME, P.A.**

*/s/ Daniel J. Rheaume*
Daniel J. Rheaume
Florida Bar No. 086258
*Attorney for Plaintiffs*

E-Service: pleadings@wrflalaw.com
4770 Hollywood Boulevard
Hollywood, FL  33021
Telephone: (954) 966-4646
Facsimile: (954) 966-4642

*/s/ Morgan G. Adams*
MORGAN G. ADAMS
*Attorney for Plaintiffs*

Law Offices of Morgan Adams
1419 Market Street
Chattanooga, Tennessee 37402
Telephone:  (423) 265-2020
Facsimile:  (423) 265-2025

LUKS, SANTANIELLO,
PETRILLO & JONES
*Attorneys for Defendants MX, Inc., &*
*Frank Nichols*
150 W. Flagler Street, Suite 2750
Miami, FL  33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901


By:   */S/ Jorge Padilla*
      DANIEL J. SANTANIELLO, B.C.S.
      Florida Bar No.: 860948
      LUIS MENENDEZ-APONTE
      Florida Bar No.:  772771
      JORGE PADILLA
      Florida Bar No.: 0054517
      LUKSMIA-Pleadings@LS-Law.com


     **I HEREBY CERTIFY** that I filed the foregoing document with the Clerk of the Court electronically on June 15, 2015.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

                                      */s/ Joseph A. Fried*
                                      JOSEPH A. FRIED

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

***JACOB LUIHN v. MX, INC., STATE FARM, et al.***

**SERVICE LIST**

Daniel J. Rheaume, Esq.
Welt & Rheaume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
pleadings@wrflalaw.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
jennifer@tennesseeaccidentlaw.com

Dorothy Sims, Esq.
Sims & Stakenborg, P.A.
P.O. Box 3188
Ocala, FL 34478-3188
dcs@ocalaw.com

Joseph A. Fried, Esq.
Fried Rogers Goldberg, LLC
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
joe@frg-law.com
sarah@frg-law.com

Rachel Turner Davant, Esq.
Billing, Cochran, Lyles, Mauro
& Ramsey, P.A.
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, FL 33301
rtd@bclmr.com

Lawrence N. Rosen, Esq.
Assistant United States Attorney
99 NE 4th Street, Suite 300
Miami, FL  33132
Larry.Rosen@usdoj.gov

Daniel J. Santaniello, B.C.S.
Luis Menendez-Aponte
Jorge Padilla
Luks, Santaniello,
Petrillo & Jones
150 W. Flagler Street, Suite 2750
Miami, FL  33130
LUKSMIA-Pleadings@LS-Law.com

28