NOR-17940M/CP 2082 /DJS:lxm

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-21515-GAYLES/TURNOFF

JACOB LUIHN AND
JOHANNA LUIHN,

      Plaintiff(s),

v.

MX, INC., A FLORIDA FOR PROFIT
CORPORATION, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
A FOREIGN FOR PROFIT CORPORATION,
AND FRANK NICHOLS, AN INDIVIDUAL,

      Defendant(s).
_____/

## DEFENDANTS' RENEWED MOTION FOR CONTINUANCE OR, IN THE ALTERNATIVE, WRIT OF HABEAS CORPUS AD TESTIFICANDUM

COMES NOW, Defendants, MX Inc. and Frank Nichols, by and through undersigned counsel, hereby files this Renewed Motion Continuance or, in the Alternative, Motion For Writ of Habeas Corpus Ad Testificandum, and respectfully moves this Honorable Court for issuance of a Writ requiring the Bartow County, Georgia Sheriff's Office and Corrections Department, 104 Zena Drive, Cartersville, GA, 30121, to produce inmate Frank Nichols (inmate no. 214414; D.O.B. 09/27/1950) for attendance at trial in the above-styled cause in the Wilkie D. Ferguson, Jr. Courthouse, 400 N. Miami Avenue, Miami, FL 33128, beginning Monday, July 27, 2015 and as grounds thereof states as follows:

1. On July 16, 2015, the Court heard arguments on Defendants' Motion for Writ of Habeas Corpus Ad Testificandum as it pertains to Defendant Frank Nichols. At the time, the Court denied the motion without prejudice and gave leave for the Defendants to obtain additional information pertaining to the pending charges against Defendant Nichols, risk of flight, and consideration of alternative options such as closed circuit broadcasting from his current location. Accordingly, Defendants submit this Renewed Motion to provide additional information to the Court as well as authorities supporting the relief requested herein.

2. Defendant Nichols is presently held in custody at the Bartow County Jail in Bartow County, Ga. due to a probation violation. Mr. Nichols is currently serving a probation term of five (5) years under Bartow County Superior Court case no. 12-1355 as a result of a negotiated guilty plea to one count of possession of methamphetamine stemming from a date of offense of October 31, 2011. Defendant Nichols entered the guilty plea on August 12, 2012. [See attached exhibit A – Plea form, Charging Information, and Probation Form.]

3. Upon information and belief, Defendant Nichols agreed to a modification of the probation sentence as offered by the Georgia Department of Correction. Said modification is pending approval from the Superior Court.

4. The sentencing agreement modifies the probation to include 90 days with credit for time served in Bartow County Jail, imposes mandatory drug and alcohol evaluations and treatment, and returns Mr. Nichols to the supervision of the

probation department. [See attached exhibit B – Motion and agreement to modify probated sentence.]

5. The non-violent nature of the offense, short period of incarceration, and the Georgia Department of Corrections' willingness to return Defendant Nichols under the supervision of the probation department support that Defendant Nichols is not a flight risk if transported to Miami, FL to attend the trial.

6. Furthermore, the Defendants have obtained, through their investigator, a National Criminal Records Report on Frank Nichols indicating he does not have a significant criminal history and would not be a flight risk.[1] [See attached exhibit C – National Criminal Records Report.]

7. While the Defendants understand that there will costs associated with the transport, housing Mr. Nichols in-custody, and security of Defendant Nichols to Miami, FL for trial, the Defendants agree to incur all these necessary costs.[2]

8. Upon information obtained from Sgt. Lamar Wilson of the Bartow County Sheriff's Office, Bartow County Jail does not itself have the technical capabilities for closed-circuit broadcasting for trial of its inmates. While we understand that Bartow County Jail can make the necessary arrangements to facilitate closed-circuit broadcasting through a third-party vendor, at this time the practical limitations of that capability are unknown.

---

[1] The attached National Criminal Records Report was obtained through SentryL,ink, a nationally recognized nationwide criminal records database. It is unclear why the attached National Criminal Records Report does not include the information related to the criminal charge for which Mr. Nichols is currently on probation.

[2] Upon information obtained from the US Marshalls Office, the transport of Defendant Nichols would be routine, however, it would likely require two weeks to facilitate and a minimum of two US Marshalls for transport. However, this information is preliminary and subject to change based on the circumstances of transport.

9. The law is well settled that a district court has authority to compel a state official with custody of an inmate to produce the inmate for the purpose of giving testimony. *See, e.g.*, *Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 98-39, 106 S.Ct. 355, 88 L. Ed. 2dd 189 (1985); *ITEL Capital Corp. v. Dennis Mining Supply and Equipment*, 651 F. 2d 405, 406 (11th Cir. 1981).

10. Even if closed circuit broadcasting may be available, however, Defendants respectfully submit that not providing Mr. Nichols with the opportunity to appear in person for the duration of this trial will be unduly prejudicial, as he is the named Defendant in this matter. Therefore, Mr. Nichols should have the right to appear before the jury, consult with counsel, observe witnesses as they testify, confront those who testify against him, and meaningfully participate in his own defense. In a civil proceeding, an incarcerated party has a due process right to appear and participate in the proceedings; *Burch v. City of Lakeland*, 891 So. 2d 654, 656 (Fla. 2d DCA 2005) (reversing a summary judgment against an incarcerated person and concluding that "[t]he basic due process guarantee of the Florida Constitution provides that '[n]o person shall be deprived of life, liberty or property without due process of law.' Art. I, § 9, Fla. Const."); *Waugh v. Waugh*, 679 So. 2d 1, 2 (Fla. 2d DCA 1996) ("Before the trial court decides not to have an inmate transported for attendance at a civil proceeding, it must first consider factors such as risk of escape, need for expedited disposition, costs, inconvenience, security precautions, the nature of the hearing, impact of court ordered transportation on the state and the

correctional agencies involved, and other relevant factors."); *Conner v. Conner*, 590 So. 2d 513, 514 (reversing a final judgment of dissolution of marriage because the trial court denied a husband's request for a transport order without indicating which factors it considered in denying the motion and without indicating it had considered any alternatives to the husband's physical presence).

11. Although Florida state courts addressing a party's substantive due process rights indicate that the Court can consider "alternatives to ordering an inmate's physical presence at a proceeding," requiring Mr. Nichols to appear by telephone or, if feasible, videoconferencing, does not present a suitable option in this case. As a practical matter, this is not merely a summary judgment hearing or final judgment of dissolution, but a multi-week trial. Mr. Nichols will not be able to participate meaningfully in jury selection or have the opportunity to consult and coordinate with his counsel during proceedings. Mr. Nichols will be unable to observe witnesses as they testify and <u>be observed</u> as he testifies. Additionally, the jury will realize that Mr. Nichols is incarcerated and this will undoubtedly impact his credibility. Mr. Nichols will be severely and unduly prejudiced if he is precluded from facing the jury and sitting with his attorneys throughout trial.

12. Moreover, the due process deprivation is magnified here because Plaintiffs are seeking punitive damages against him, which have been described as akin to a criminal penalty. *Philip Morris USA v. Williams*, 549 U.S. 346, 359 (2007) ("[A] punitive damages award . . . serves the entirely different purposes of retribution and deterrence that underlie every criminal sanction."); *Glazner v. Glazner*, 347 F.3d

1212, 1225 (11th Cir. 2003) (discussing retroactive punitive damages, "On punitive damages, the Supreme Court has said that "[t]he very labels given 'punitive' or 'exemplary' damages, as well as the rationales that support them, demonstrate that they share key characteristics of criminal sanctions."); *Trans Health Mgmt., Inc. v. Webb ex rel. Webb,* 132 So. 3d 1152, 1155-56 (Fla. 1st DCA 2013) review denied sub nom. *Webb v. Trans Health Mgmt., Inc.,* 143 So. 3d 924 (Fla. 2014) ("As the United States Supreme Court has explained: Despite the broad discretion that States possess with respect to the imposition of criminal penalties and punitive damages, the Due Process Clause of the Fourteenth Amendment to the Federal Constitution imposes substantive limits on that discretion. That Clause makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States. The Due Process Clause of its own force also prohibits the States from imposing "grossly excessive" punishments on tortfeasors. *Cooper Indus., Inc. v. Leatherman Tool Group,* 532 U.S. 424, 433–34, 121 S.Ct. 1678, 1684, 149 L.Ed.2d 674 (2001).").

13. Frank Nichols, is a necessary party in the defense of this matter. The Defendants would be unduly prejudiced if Defendant Nichols were not present for trial.

WHEREFORE, Defendants request the Court to continue these proceedings until Mr. Nichols completes his term of incarceration or, in the alternative, petition the Court for a WRIT OF HABEAS CORPUS AD TESTIFICANTDUM, directed to the Bartow County, Georgia Sheriff's Office and Corrections Department, or other such proper person,

directing the officer to deliver Frank Nichols (inmate no. 214414; D.O.B. 09/27/1950), upon presentation of this Writ, in order that the said Frank Nichols (inmate no. 214414; D.O.B. 09/27/1950) may be present before the United States District Court for the Southern District of Florida at Miami, Florida, on the 27th day of July, 2015.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion. The reasonable efforts were specifically as follows: On July 21, 2015, Jorge Padilla, Esq. spoke with Joseph Fried, Esq. about the contents of this motion. The parties were unable to reach an agreement as to the motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 21st day of July, 2015.

> LUKS, SANTANIELLO,
> PETRILLO & JONES
> Attorneys for Defendant
> 150 W. Flagler Street, Suite 2750
> Miami, FL 33130
> Telephone: (305) 377-8900
> Facsimile: (305) 377-8901
>
> By: /s/ Luis Menendez-Aponte
> DANIEL J. SANTANIELLO
> Florida Bar No.: 860948
> LUIS MENENDEZ-APONTE
> Florida Bar No.: 772771
> LUKSMIA-Pleadings@LS-Law.com

## SERVICE LIST

Daniel J. Rheaume, Esq.
Welt & Rheaume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
pleadings@wrflalaw.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
jennifer@tennesseeaccidentlaw.com

Dorothy Sims
Sims & Stakenborg, P.A.
P.O. Box 3188
Ocala, FL 34478-3188
DCS@dorothyclaysims.com

Joseph A. Fried, Esq.
FRIED ROGERS GOLDBERG, LLC
3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
joe@frg-law.com
sarah@frg-law.com

Rachel Turner Davant, Esq.
Billing, Cochran, Lyles, Mauro & Ramsey, P.A.
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, FL 33301
rtd@bclmr.com

Lawrence N. Rosen
Assistant United States Attorney
99 NE 4th Street, Suite 300
Miami, FL 33132
Larry.Rosen@usdoj.gov

Jack R. Reiter, Esq.
Jordan S. Kosches, Esq.
Gray Robinson, P.A.
333 S.E. Second Avenue
Suite 3200
Miami, FL 33131
jack.reiter@gray-robinson.com
jordan.kosches@gray-robinson.com
pamela.wildfeuer@gray-robinson.com