UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-21515 – GAYLES/TURNOFF

JACOB LUIHN and JOHANNA LUIHN,

        Plaintiffs,

v.

MX, INC. and FRANK NICHOLS,

        Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**

**JULY 22, 2015 EMERGENCY MOTION FOR PROTECTIVE ORDER**

COME NOW Plaintiffs, by and through counsel of record, and pursuant to Federal Rules of Civil Procedure 26 and 37(a)(5), applicable local rules and the Order of the Court [Doc. 310] and hereby respond to Defendants' Emergency Motion for Protective Order [Doc. 307] , as follows:

1.    This action arises out of a motor vehicle collision ("subject collision") that occurred on or about March 13, 2012, involving a vehicle driven by Plaintiff Jacob Luihn, and a tractor trailer driven by Defendant, Frank Nichols (hereinafter "Nichols") in the course and scope of his agency and/or employment with Defendant MX, Inc.

2.    This Court had set this matter for trial to take place on July 27, 2015.

3.    On or about July 16, 2015, Defendants advised that Defendant Nichols could and would not appear at trial due to his incarceration in the Bartow County Jail, located in or around Cartersville, Georgia.

4. Defendants' representations in their Emergency Motion for Protective Order that Plaintiffs sought to take a second discovery deposition of Defendant Nichols are not correct.

5. Plaintiffs did not seek to take a discovery deposition of Defendant. Rather, Plaintiffs sought to complete two, very focused videotaped evidentiary depositions: one for use at phase one of the trial and a second for use at phase two of the trial.

6. Indeed, the notice and attached subpoena [Doc. 302] filed with the Court and served upon Defendants specifically states that the deposition of Nichols was to be taken for use at trial as evidence.

7. It should be noted that on July 15, 2015 Defendants took an evidentiary deposition for use at trial of one of their own experts, Dr. Jarolem, despite having deposed Dr. Jarolem along with Plaintiffs during discovery on February 25, 2015.

8. It is axiomatic that discovery depositions and evidentiary depositions for use at trial are taken for different purposes and certainly not interchangeable.[1]

9. When Plaintiffs took the depositions of the Defendant Nichols and of Defendant MX, Inc.'s corporate representative in 2014, Plaintiffs were doing so for discovery purposes with the expectation that both Defendant Nichols and MX, Inc.'s corporate representative, Martin, would appear at trial and be subject to cross-examination before a jury.

10. Plaintiffs maintain this expectation.

11. However, in light of the Court's decision to move this trial to November 30, 2015

---

[1] The American Bar Association hosts an article on its website that provides, in part, an overview of the differences between a discovery deposition and an evidentiary deposition taken for use at trial, commonly called a trial deposition. See, https://apps.americanbar.org/litigation/litigationnews/trial_skills/second-chair-civil-trial-depositions.html.

and because counsel for Defendants have represented their intent to have both Nichols and Martin present at the trial of this cause but could not guarantee the same, Plaintiffs have and do withdraw their Notice and Subpoena to take the evidentiary deposition of Defendant Nichols on July 24, 2015 at the Bartow County Jail.

12.  To that end, Defendants' July 22, 2015 Emergency Motion For Protective Order should be DENIED AS MOOT.

13.  If it appears that either Defendant Nichols and/or Defendant MX, Inc.'s corporate representative, Martin, will not be attending the trial of this civil action, Plaintiffs will seek to take such Defendants' videotaped evidentiary deposition for use at phase one and phase two of this trifurcated trial.

14.  Counsel for Plaintiffs anticipate that counsel for Defendants will provide timely notice in the event that either Defendant Nichols and/or Defendant MX, Inc.'s corporate representative, Martin, will not be attending the November 30, 2015 trial, so that Plaintiffs can schedule the evidentiary deposition at a mutually convenient time and place for all.

15.  Counsel for Plaintiffs will work in good faith to schedule any such evidentiary depositions with counsel for the Defendants should one and/or the other become necessary.

This 23rd day of July, 2015.          FRIED ROGERS GOLDBERG, LLC

                                      */s/ Joseph A. Fried*
                                      JOSEPH A. FRIED
                                      Florida Bar No. 0040850

3560 Lenox Road NE
Suite 1250
Atlanta, GA 30326
Telephone:  (404) 591-1800
Telecopier:  (404) 574-6247
joe@frg-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Joseph A. Fried*
JOSEPH A. FRIED

## SERVICE LIST

Daniel J. Rheaume, Esq.
Welt & Rheaume, P.A.
4770 Hollywood Blvd.
Hollywood, FL 33021
pleadings@wrflalaw.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
Jennifer@tennesseeaccidentlaw.com

Dorothy Sims
Sims & Stankenborg, P.A.
PO Box 3188
Ocala, FL 34478-3188
dcs@ocalaw.com

Jorge Padilla, Esq.
Luks, Santaniello, Petrillo & Jones, PA
150 W. Flagler Street, Suite 2750
Miami, Florida 33130
luksmia-pleadings@ls-law.com
jpadilla@ls-law.com

Bruce Trybus, Esq.
Cooney, Trybus, Kwavnick, Peets
1600 W. Commercial Blvd, Suite 200
Ft. Lauderdale, Florida 33309
btrybus@ctkplaw.com