UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-21515-GAYLES/TURNOFF

JACOB LUIHN AND
JOHANNA LUIHN,

    Plaintiff(s),

v.

MX, INC., A FLORIDA FOR PROFIT
CORPORATION, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
A FOREIGN FOR PROFIT CORPORATION,
AND FRANK NICHOLS, AN INDIVIDUAL,

    Defendant(s).
_____/

**DEFENDANTS' MOTION FOR CONTINUANCE DUE TO DEFENDANT,
FRANK NICHOLS' UNAVAILABILITY FOR TRIAL ON NOVEMBER 30, 2015**

Defendants, MX Inc. and Frank Nichols, hereby request the Court enter an Order granting a continuance due to Mr. Nichols' unavailability for trial on November 30, 2015, and states as follows:

1.    Counsel for Defendants learned this week that Mr. Nichols has been arrested and is currently being held at the county jail in Grainger County, Tennessee. Although the facts are still being ascertained, it is believed that Mr. Nichols is facing charges relating to the possession of methamphetamine, possession of a firearm, and driving under the influence. It is believed that Mr. Nichols is currently being held without bond, and Defendants' counsel are attempting to obtain more information.

2.    Trial is currently scheduled to begin on Monday, November 30, 2015, which is the first business day after the upcoming Thanksgiving holiday. With only three business days

between now and the start of trial, there is no reasonable possibility that the charges against Mr. Nichols will be resolved, that he will be released from custody to travel for attendance at trial, or that alternate arrangements can be made.

3. On July 22, 2015, the Court entered an Order [DE 308] granting the parties agreed motion to continue trial under similar circumstances. The same due process concerns, outlined below, that necessitated the earlier continuance apply to this request. For this reason, the Court should continue the November 30th trial to a date when Mr. Nichols can be present.

4. As previously argued to the Court, in a civil proceeding an incarcerated party has a due process right to appear and participate in the proceedings. *See Burch v. City of Lakeland*, 891 So. 2d 654, 656 (Fla. 2d DCA 2005) (reversing a summary judgment against an incarcerated person and concluding that "[t]he basic due process guarantee of the Florida Constitution provides that '[n]o person shall be deprived of life, liberty or property without due process of law.' Art. I, § 9, Fla. Const.").

5. Although Florida state courts addressing a party's substantive due process rights have indicated that courts can consider "alternatives to ordering an inmate's physical presence at a proceeding," requiring Mr. Nichols to appear by telephone or, if feasible, videoconferencing, does not present a suitable option in this case. As a practical matter, this is not merely a summary judgment hearing or final judgment of dissolution, but a multi-week trial. Mr. Nichols will not be able to participate meaningfully in jury selection or have the opportunity to consult and coordinate with his counsel during proceedings. Mr. Nichols will be unable to observe witnesses as they testify and <u>be observed</u> as he testifies. Additionally, the jury will realize that Mr. Nichols is incarcerated and this will undoubtedly impact his credibility. Mr. Nichols will be

severely and unduly prejudiced if he is precluded from facing the jury and sitting with his attorneys throughout trial.

6. Moreover, the due process deprivation is magnified here because Plaintiffs are seeking punitive damages against him, which have been described as akin to a criminal penalty. *Philip Morris USA v. Williams*, 549 U.S. 346, 359 (2007) ("[A] punitive damages award . . . serves the entirely different purposes of retribution and deterrence that underlie every criminal sanction."); *Glazner v. Glazner*, 347 F.3d 1212, 1225 (11th Cir. 2003) (discussing retroactive punitive damages, "On punitive damages, the Supreme Court has said that "[t]he very labels given 'punitive' or 'exemplary' damages, as well as the rationales that support them, demonstrate that they share key characteristics of criminal sanctions."); *Trans Health Mgmt., Inc. v. Webb ex rel. Webb,* 132 So. 3d 1152, 1155-56 (Fla. 1st DCA 2013) review denied sub nom. W*ebb v. Trans Health Mgmt., Inc*., 143 So. 3d 924 (Fla. 2014) ("As the United States Supreme Court has explained: Despite the broad discretion that States possess with respect to the imposition of criminal penalties and punitive damages, the Due Process Clause of the Fourteenth Amendment to the Federal Constitution imposes substantive limits on that discretion. That Clause makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States. The Due Process Clause of its own force also prohibits the States from imposing "grossly excessive" punishments on tortfeasors. *Cooper Indus., Inc. v. Leatherman Tool Group*, 532 U.S. 424, 433–34, 121 S.Ct. 1678, 1684, 149 L.Ed.2d 674 (2001).").

7. As the named defendant Mr. Nichols should have the right to be present at this trial, and it would be unduly prejudicial to conduct it in his absence. Given the nature of the allegations levied against him, including the pursuit of punitive damages, Mr. Nichols should

have the right to appear before the jury, consult with counsel, observe witnesses as they testify, confront those who testify against him, and meaningfully participate in his own defense.

WHEREFORE, Defendants request the Court enter an Order granting a continuance until such time as Mr. Nichols can travel to appear for trial in this matter.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion. The reasonable efforts were specifically as follows: On November 20, 2015 undersigned counsel Jorge Padilla spoke with Attorney Joseph Fried about the contents of the motion. The parties were unable to reach an agreement as to the motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Jorge Padilla | /s/ Jack R. Reiter |
| Daniel J. Santaniello, Esq. | Jack R. Reiter, Esq. |
| Florida Bar No.: 860948 | Florida Bar No.: 0028304 |
| djs@ls-law.com | jack.reiter@gray-robinson.com |
| Jorge Padilla, Esq. | Jordan S. Kosches, Esq. |
| Florida Bar No.: 54517 | Florida Bar No.: 49881 |
| jpadilla@ls-law.com | jordan.kosches@gray-robinson.com |
| Luis Menendez-Aponte | |
| Florida Bar No.: 772771 | GrayRobinson, P.A. |
| lmenendez-aponte@ls-law.com | 333 SE Second Avenue |
| | Suite 3200 |
| Luks Santaniello Petrillo & Jones, P.A. | Miami, Florida 33131 |
| 150 West Flagler Street | Telephone: (305) 416-6880 |
| Suite 2750 | Facsimile: (305) 416-6887 |
| Miami, Florida 33130 | |
| Telephone: (305) 377-8900 | |
| Facsimile: (305) 377-8901 | |
| | |
| *Co-Counsel for Defendants,* | *Co-Counsel for Defendants,* |
| *MX, Inc. and Frank Nichols* | *MX, Inc. and Frank Nichols* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court on November 20, 2015.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notice of Electronic Filing.

Daniel J. Rheaume, Esq.
Welt & Rheaume, PA
4770 Hollywood Boulevard
Hollywood, Florida 33021
pleadings@wrflalaw.com

Dorothy Clay Sims, Esq.
Sims & Stakenborg
118 SW Fort King Street
Ocala, Florida 34471
dcs@ocalalaw.com

Rachel Turner Davant, Esq.
Billing, Cochran, Lyles, Mauro & Ramsey, P.A.
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
rtd@bclmr.com

Joseph A. Fried, Esq.
Fried Rogers Goldberg LLC
3560 Lenox Road NE
Suite 1250
Atlanta, Georgia 30326
joe@frg-law.com
sarah@frg-law.com

Morgan Adams, Esq.
Law Offices of Morgan Adams
1419 Market St.
Chattanooga, Tennessee 37402
adams@tennesseeaccidentlaw.com
jennifer@tennesseeaccidentlaw.com

Lawrence N. Rosen
Assistant United States Attorney
99 NE 4th Street, Suite 300
Miami, Florida 33132
larry.rosen@usdoj.gov

/s/